### Guyon vs. Lewis.

Where an agreement was entered into as between A. B., *agent* for C. D. of the first part, and E. F. of the second part, containing covenants to be performed by *the party of the first part*, and signed by A. B. in his proper name, without the addition of his character as *agent* or *attorney*, IT WAS HELD, that A. B., and not C. D., was the contracting party, and that an action for the breach of the covenant lay against him.

Evidence, preliminary to the introduction of a deposition taken *de bene esse,* that the party offering it believed that the witness was absent from the state, that the witness told the party at the time of the examination that he expected to leave the state, that previous to his examination the party was in the habit of seeing him, but since had not seen him, *was held* to be sufficient : it appearing that the witness was a journeyman carpenter, without a fixed habitation, and in pursuit of employment.

The omission to set forth in a declaration *the manner of payment* prescribed in a contract, cannot be taken advantage of as a *variance*, if no question arises in the case upon that part of the contract.

ERROR from the New-York common pleas. Lewis sued Guyon in an action of *covenant*, on certain articles of agreement entered into between the parties on the 8th November, 1826, wherein, after describing the parties as " H. G. G. of the city and state of New-York *agent* for Isaac Simonson, now resident in Bogota, capital of Colombia, South America, carpenter, of the first part," and " J. L. of the city and state aforesaid, carpenter, of the second part," it was stated that *the party of the first part* had agreed to find and furnish the party of the second part with a passage to Carthagena in South America, and on his arrival there, to furnish and provide him a safe and easy conveyance by land and water to Bogota aforesaid, the party of the first part to pay all necessary expenses attending the passage from New-York to Bogota, but not to pay the party of the

NEW-YORK,
May, 1831.

Guyon
v.
Lewis.

second part any wages or any thing for his time occupied in the passage to Bogota; the party of the second part, on his arrival at Bogota; to commence work at the carpenter's business for the party of the first part, and continue with him in such employment during the space of two years, for which the party of the first part agreed to pay him at the rate of $2,50 per day. In case the party of the second part had a mind to return home to New-York, or to go to any other part of South America distant ten miles, at the expiration of *one year*, he was to be privleged so to do, he paying his own expenses; but in case he remained *two years*, his expenses were to be paid to New-York by the party of the first part. The agreement then concluded in these words: " In witness wherof the parties have hereunto subscribed their names, and hereby bind themselves, in default thereof, in the penal sum of $250, for the faithful performance of the above contract, the day and year first above written." Signed, " Henry G. Guyon, [L. s.] John Lewis, [L. s.]" The plaintiff, in his declaration, after substantially setting forth the agreement, averred that although he left the city of New-York and proceeded to Carthagena, was ready and offered to proceed to Bogota, requested the defendant to furnish him with the means of conveyance to that place, was detained many days in waiting for such conveyance, and did, and offered to do every thing incumbent on his part, yet that the defendant did not provide him with a passage to Carthagena, nor pay the necessary expenses attending such passage; nor did he provide him a conveyance from Carthagena to Bogota, nor pay all necessary expenses attending the same; nor did the defendant, after the arrival of the plaintiff in Carthagena, furnish the plaintiff any work or employment, nor pay the plaintiff any money, whereby the defendant forfeited, and became liable to pay to the plaintiff, the penalty of $260, stipulated, &c.; concluding, that he had not paid the said sum of $250, and so had not kept his covenant, &c. The defendant craved *oyer* of the articles of agreement, and pleaded *non est factum*.

On the trial of the cause, it appeared that the plaintiff and two other persons were engaged by the defendant, *at the request of Simonson*, who was at Bogota, to proceed thither to build a house for a Spaniard there; they went on to Cartha-

NEW-YORK, May, 1831.

Guyon
v.
Lewis.

gena, where, after remaining some time, no conveyance being furnished to Bogota, they were told by the agent of the defendant that they must return to the United States, that the country was in a state of war; the plaintiff, notwithstanding, offered to proceed to Bogota, but it was insisted that he should return, and he did so accordingly, having been absent between three and four months. The passage of the plaintiff to and from Carthagena, and his board while at Carthagena, were paid by the defendant. To shew these facts, a *deposition* of one of the carpenters who went out with the plaintiff, taken *de bene esse*, was read in evidence, after the plaintiff had been sworn, to prove the absence of the witness. He stated that he believed that the witness was absent from the state; that immediately after his examination taken in New-York, he told him he was going up the North River, and expected to leave the state; that previous to his examination, he was in the habit of seeing him, but that since, he had not seen him. The deposition was taken in August, 1828, and the trial was in January, 1829. The defendant's counsel objected that the proof of the absence of the witness was not sufficient to justify the reading of the deposition; which objection was overruled by the court, and the defendant excepted. The deposition was substantially corroborated by the evidence of two witnesses examined *viva voce*. The proofs being closed, the defendant's counsel requested the court to charge the jury that the breaches assigned in the declaration, " that the defendant had not provided the plaintiff with a passage to Carthagena, nor a conveyance to Bogota : nor, after his arrival at Carthagena, furnished him with work or employment," had not been proved; but instead of doing so, the court charged the jury, that if they found the facts to be that the defendant had refused to forward the plaintiff on to Bogota from Carthagena, and to support him any longer at Carthagena, and had not provided him with any work as a carpenter after his arrival at Carthagena, and had prohibited his coming on to Bogota for the purpose of receiving such employ, and had abandoned him at Carthagena, the breaches in the declaration were made out, and the plaintiff would be entitled to recover damages for the same; to which charge the defendant excepted. The jury found a verdict for the plaintiff

for $235, on which judgment was entered. The defendant sued out a writ of error, and among other causes of error, assigned a *variance* between the articles of agreement as set forth in the oyer and as described in the declaration; in the articles it being provided that the wages to be received by the plaintiff should be paid " either weekly or monthly," whereas no mention was made of such stipulation in the setting forth of the articles in the declaration.

NEW-YORK,
May, 1831.

Guyon
v.
Lewis.

*J. A. Collier*, for plaintiff in error.

*J. M. Bixby*, for the defendant in error.

*By the Court*, SAVAGE, Ch. J.   The first question in the order in which the objections arose in the court below is, whether the preliminary proof was sufficient to authorize the introduction of the deposition which was read in evidence. This species of evidence is only admissible when it is shewn that the personal attendance of the witness cannot be compelled by the party ; the court want evidence to satisfy them of that fact. In this case sufficient was shewn to authorize the introduction of the deposition. The witness was a transient person, having no fixed habitation any where—a journeyman carpenter, who was seeking employment, and said at the time of his examination that he should shortly leave the state. This question is not very important to the decision of this case, as every important fact necessary to sustain the plaintiff's action proved by the deposition, was proved by other witnesses examined in open court.

Another point raised here is that there was a *variance* between the contract declared on and that produced in evidence. This question was not raised in the court below ; but, I apprehend, if made there, could not have availed the defendant. There is a variance in omitting a few words in that part of the contract which regulates the manner of payment of wages ; but as the statement of that part of the covenant was mere surplusage, and had no connection with the part on which the action is founded, the mistake can have no possible effect. The only breach proved, was that for which damages were given, to wit, the failure to find the plaintiff a passage to Bogota,

where he was to have been employed. The judge placed the case correctly before the jury.

The only important question in the case is, whether Guyon or Simonson was the contracting party. The contract in question is so precisely similar to that on which the action was brought in *Stone* v. *Wood*, 7 Cowen, 453, that a discussion of this question by me would be repetition of what was there said. I understand the point to be as well settled as any in the law, that an agent, to bind his principal, must contract in the principal's name. Guyon should have written the name of Simonson as the contracting party. He should have so executed the contract that an action could have been sustained upon it against Simonson ; no such action could be brought upon this contract. Had Simonson been described in the body of the instrument as the contracting party, and the signature been, " Isaac Simonson, by his attorney, Henry H. Guyon," or " Henry H. Guyon, attorney for Issaac Simonson," the contract would, on the face of it, have been the contract of Simonson ; and he would have been liable for the breach of it, on proving the execution by Guyon and his authority. But proving that Guyon had authority to execute such a contract in Simonson's name, does not discharge Guyon, so long as Guyon chose to make the contract his own, and not Simonson's. This case is not at all like the cases of *Frontin* v. *Small*, 2 Ld. Raym. 1418, and *Bogert* v. *Bussy*, 6 Johns. R. 94. In each of those cases the attorney undertook to do what, upon the face of the contracts, he had no power to do, and therefore they were held void. Is there any such difficulty in this case ? It was as competent for Guyon to contract with Lewis about employment at Bogota, as it was for Simonson ; not so with the attorney who undertook to convey away, as his own act, the real property of another person. The distinction to me appears very manifest. Neither is this case like *Randall* v. *Van Vechten*, 19 Johns. R. 60. There the court held the agents discharged, because, by the contract entered into, they had afforded a remedy against their principals, the corporation ; that cannot be pretended here. The case is precisely like *Stone* v. *Wood*, and the remarks made in that case are applicable here.

Judgment affirmed, with single costs.