## LINCOLN *vs.* CRANDELL and others.

Where parties enter into contract under seal in their *individual characters* not describing themselves as *trustees, agents* or a *committee,* they are *personally responsible,* although they in fact contract as a committee in anticipation of the incorporation of a literary institution—*parol proof* is not admissible in such case to show that it was not intended that they should be personally liable.

QUESTION of parties. In contemplation of obtaining an act of incorporation of a literary association to be called the *De Ruyter Institute,* in the county of Madison, a meeting was held of persons called the directors of the institute on the 15th October, 1835, at which a committee was appointed to superintend the erection of an edifice for the purposes of the institute, consisting of *Henry Crandell, Perry Burdick, L. B. Goodwin, E. D. Jenks,* and *Ira Spencer.* On the 15th February, 1836, a contract was drawn up between those five last named persons on the one part, and the plaintiff on the other, by which the plaintiff agreed to do the mason work in the erection of a building 92 feet in length, 64 feet in width and of the hight of 4 stories, and the other parties agreed to compensate him according to certain terms specified in the contract. The contract purported to be by the parties *in their individual characters.* On the day the contract was drawn up, it was signed by the *plaintiff* and by *Goodwin,* and left in the care of the person who drew it up. On 30th March, 1836, the institute was *incorporated,* and the five above named persons together with seven others were constituted by the act the first board of trustees. On 2d June, 1836, there was a meeting of the board of directors, at which the *building committee* presented their *contracts* for approval, which were approved by a resolution of the board. On the same day the contract was obtained from the depository, by *Goodwin,* and subsequently returned with the signatures of *Crandell, Burdick* and *Jenks* attached. The instrument was executed by the parties *under seal.* The plaintiff having performed the contract on his part and claiming a balance to be due to him,

Lincoln v. Crandell.

brought an action for the recovery of the same. The defendants proved payments to a large amount, but not to an amount sufficient to satisfy the plaintiff's claim. These payments were shown to have been made generally by drafts drawn by *Goodwin* as clerk of the building committee, upon *Spencer* as treasurer of the institute, which were paid by the treasurer and receipted by the plaintiff. The case was heard before referees, and on the hearing, the defendant offered to prove that they had uniformly refused to contract with the plaintiff in their *individual characters*, or in other words, to be *personally responsible* for the performance of the stipulations, and that such was the agreement of the parties. The plaintiff objected to the evidence offered, and the referees sustained the objection. The referees made a report in favor of the plaintiff for a balance of $360 11. The defendands moved to set aside the report.

*S. Stevens*, for the defendants.

*J. A. Spencer*, for the plaintiff.

*By the Court*, BRONSON, J. The defendants covenanted for themselves as individuals. They did not describe them selves in the contract, nor sign it, as *trustees, directors, agents, committee,* &c.; and there is nothing in the contract from which it can be inferred that they either intended to bind any body but themselves, or that they were themselves unwilling to be personally bound.

In all the various forms in which the question was presented, the referees decided that the written contract could not be contradicted by parol proof that the defendants did not intend to be personally liable. They decided correctly—and this answers most of the exceptions taken on the hearing.

Although the trustees of the corporation on the 2d June, 1336, approved of the contract, it was none the less the un-dertaking of the defendants *individually*.

Motion denied.