ONTARIO COUNTY—HON. ORSON BENJAMIN, SURROGATE—1853.

## HOWELL v. BLODGETT.

*In the Matter of the administrators of* MALONEY, *deceased.*

The provisions of chapter 80 of the Laws of 1847 (3 *Rev. Stat.*, 5 ed., 174, § 29),—authorizing surrogates to compound debts belonging to an estate,—do not apply to demands against solvent debtors.

This was an application by Howell and others as administrators of one Maloney, an attorney and counsellor-at-law, for an order allowing a compromise between them and Blodgett, a debtor of the decedent. It appears that Blodgett, who is solvent, and one Arnold, who is insolvent and residing out of the State, became indebted to the decedent for a bill of costs in a suit in which he acted as their attorney. Blodgett claims that the retainers were separate and distinct, and that it was agreed between Maloney and himself and Arnold, that each of them should be separately responsible to Maloney for no more than half of his costs, and that he, Blodgett, has already paid a part of his share of the same, and is ready and willing to pay the balance due on his half of the costs. The administrators, therefore, apply for an order granting permission to compromise on such a basis.

THE SURROGATE.—This is not a case contemplated by the statute of 1847, chapter 80. It is rather a question of contract to be settled by evidence, than a case of compromising or compounding a debt. Although the terms of the act are general and comprehensive, we are not at liberty to shut our eyes to the facts and circumstances surrounding it and which occasioned its passage. We must consider, in its construction, what the old law was, the evil under it, and the remedy intended to be applied by the Legislature. Prior to its enactment, executors and administrators could not compound

and compromise the debts due their testators or intestates, which were doubtful or bad, without being liable for the loss, personally. It was to remedy this evil that the act was passed, and not to provide a new tribunal for the construction of contracts and the liquidation of unsettled accounts with solvent debtors. Any other construction of the statute would be likely to accumulate a large and inconvenient addition of business in courts not originally constructed for the trial of issues. And although a result might be arrived at in bad or doubtful unliquidated claims, still strict investigation upon legal evidence would be necessary in cases of solvent demands.

Admitting the court to possess jurisdiction, which it disbelieves, still there would be an indelicacy, if not impropriety, in the case of solvent demands, for the court to step in between the administrators and the persons entitled to the estate, in advance of a final settlement.