## SUPREME COURT.

### ABRAHAM BECKER agt. WILLIAM LAMONT and others.

Where the defendants were sued on a written contract, which described them as " the committee for building college buildings at Charlotteville, composed of the following persons, viz.," giving their names; and throughout the contract they were spoken of as " the said party of the first part," as " the committee aforesaid," or as " the said party of the first part,"

*Held*, that it was a contract where evidence *dehors* the contract, was most clearly admissible to aid either, in fixing a *personal liability* upon the defendants, or in *relieving them from it.*

Where the defendants, in their answer, set up a defence which the law might hold discharged them from personal liability, and a *stipulation* was executed by both the attorneys for the plaintiff and defendants, which would have the effect to deprive the defendants of such defence, and other defences,

*Held*, it appearing that the defendants' attorney, at least, mistook the legal effect of the stipulation, and that it was executed under a mistake of law and fact, that it was proper that the defendants should be relieved from it.

The stipulation pertained merely to the conduct of the cause, and was, in fact, a proceeding in the particular suit, and was under the control of the court, by means of its coercive power over the parties to the suit, and their attorneys. It was a proper case, therefore, for relief *on motion.*

When, under what circumstances, and in what cases, the courts will relieve parties from stipulations, releases, &c., considered.

*Chenango Special Term*, 1855.
THE facts will sufficiently appear in the following opinion.

HENRY SMITH, *for defendants.*
ABRAHAM BECKER, *in person.*

MASON, Justice. This case comes before the court on a motion, made by the defendants, to be relieved from a stipulation signed by both attorneys for the defendants and the plaintiff. The stipulation undoubtedly has the effect to deprive the defendants, if not of their entire offset, at least of the defence that they are not personally liable upon this contract, and of several other defences set up in the answer.

It was decided in the case of *Lincoln* agt. *Crandall and others*, (21 *Wend.* 101,) that a building committee of the "*De Ruyter Liberal Institute*," who contracted with the plaintiff to do the mason-work upon a certain building, and to pay him according to certain terms specified in the contract, were personally liable upon such contract. The contract in that case, however, purported to be in their individual characters, and they did not describe themselves as trustees, agents, or a committee. The court were right in that case in holding that parol evidence was not admissible to show that the parties did not intend that they should be personally liable, or to show that in fact they made the contract as a building committee, and in behalf of their principals. There was nothing in that contract from which it could be inferred that they intended to bind anybody but themselves, or that they were unwilling to be personally bound. The court held, that the written contract could not be thus contradicted by parol, and-rightly so.

The contract in the case under consideration is a very different one from that. The contract in the present case purports to be between "*the committee for building college buildings at Charlotteville, composed of the following persons, viz.*," and then gives the names of the committee; and they are spoken of all through the contract in the following terms : "*And the said party of the first part, as the committee aforesaid, or as the said party of the first part;*" clearly showing that they contracted as a committee—as a body.

Now I will not undertake, on this motion, to decide that, upon the face of this contract, the defendants are not personally liable ; nor that they are so. It seems to me, however, that this is a contract where evidence *dehors* the contract is most clearly admissible, to aid either in fixing a personal liability upon the defendants, or in relieving them from it. It is enough to say that the defendants have set up a defence in their answer which the law may hold, discharges them from personal liability, and which they are deprived of by this stipulation. Can, and ought the court to relieve them from this stipulation on this motion?

In the case of *Malin* agt. *Kinney*, (1 *Cain. R.* 117,) the court set aside a stipulation that that suit abide the event of another, on motion. In the case of the Hiram, Coruthwait and others, (1 *Wheat. R.* 440,) an agreement was made by the attorney in open court, and entered in the minutes, to the effect that that case should abide the event of another case pending, involving the same question, as was supposed. The court say that if this stipulation was made under a clear mistake as to the real difference in the cases, they will relieve from the stipulation. (*See, also,* 3 *Peere Wms.* 342.) Releases of the action in the suit have frequently been set aside by the court, on motion, where they have been procured by fraud or imposition. (8 *Barn. & C.* 217; 7 *J. B. Moore*, 356, 617; 1 *Bos. & P.* 447; 4 *Barn. & Ald.* 419; 4 *J. B. Moore*, 192; 1 *Chitty R.* 390; 7 *Taunt. R.* 421; 5 *Bing. N. C.* 688; 4 *Dowl. R.* 63; 6 *T. R.* 263; 1 *Young & Jer.* 365; 6 *Hill R.* 237; 18 *Ves. R.* 481; 2 *Denio R.* 397, 595, 604.)

The court will, in its discretion, relieve the party, where judicial admissions have been made improvidently and by mistake, by discharging a rule or agreement which deprives the party of his rights. And so are stipulations made out of court concerning the course or conduct of the cause equally under the control of the court, by means of its coercive power over the parties to the suit and their attorneys.

The ground upon which courts of law have interfered to set aside releases and admissions, made in open court and entered in its minutes, is, that as it has appeared manifest that a court of equity would declare the release, stipulation, or other matter invalid, and set it aside, that a court of law will do the same in virtue of its control over the conduct of the parties and their attorneys, to save the parties the necessity of having recourse to a tedious and expensive litigation. The court, however, only interferes, on motion, in a plain case, and where the facts upon which the matter is to be determined are not left in doubt. Such agreements, that are made under a clear mistake, will be set aside. (1 *Young & Jervis*, 367—*note;* 1 *Wheat R.* 440.)

We are not now restricted by the same rigid rules that have

Becker agt. Lamont and others.

controlled courts of law in relieving from such stipulations: we may now apply the rules and principles which have governed courts of equity. (18 *Ves. R.* 481.) The rule is declared and acted upon in the case of *Furnival* agt. *Boyle and others*, (4 *Russell R.* 142,) that where an order is made upon the stipulation and consent of the counsel in the cause, and entered in the minutes of the court, that the court will relieve the party from the order thus given by consent, when it is made to appear that the agreement and consent was made in ignorance of material circumstances affecting the case. Courts of equity will relieve from agreements in cases of surprise and sudden action, without due deliberation. (1 *Story's Eq. Jur.*, § 251.)

Cases of surprise, mixed up with a mistake of law, stand upon a ground peculiar to themselves. In such cases the agreements or acts are unadvised and improvident, and without due deliberation, and therefore they are held invalid upon the common principle adopted by courts of equity, to protect those who are unable to protect themselves, and of whom undue advantage is taken. (1 *Story's Eq. Jur.* § 134.)

Where the surprise is mutual, there is of course a still stronger ground to interfere; for neither party has intended what has been done. They have misunderstood the effect of their own agreements or acts. Applying these principles to the stipulation under consideration, I am satisfied it is our duty to relieve the defendants from the effects of the stipulation. *It cannot be alleged, upon the evidence before me, that the plaintiff practiced any fraud upon the defendants or their attorney in procuring this stipulation.* I am entirely satisfied, however, that the defendants have deprived themselves of several defences set up in their answer, which they never intended to waive or surrender in executing this stipulation; and that they never would have signed it, had they supposed it to have such effect upon their defences set up to this action. The defendants and their attorney swear that they never had the first idea that they waived their other defences in executing this stipulation. That they mistook the legal effect of the stipulation is placed beyond question; and that if the stipulation is

permitted to control the rights of the parties, the defendants will be shut out from their defences, except those particularly specified in the stipulation, is agreed on all hands. That the defendants have executed this stipulation under a mistake of law and fact, and that the same was done through mistake and surprise, I can well conceive. It was executed about twelve o'clock at night, when the parties had in their minds other objects and designs to be accomplished by the stipulation than this. At least this was so with the defendants; and I am inclined to. think that this mistake was mutual; and that, in fact, neither party intended to have done what was done by this stipulation, and that they both misunderstood the effect of it. If, on the contrary, the plaintiff designed to insert this provision in the stipulation, and the defendants have, through surprise, mistake and improvidence, given their assent to it, then it presents a case where this court should interfere to relieve the defendants; and I would say, with Lord Chancellor LYND-HURST in the case of *Furnival* agt. *Boyle*, (4 *Russell's R.* 149,) when relieving the party from the effects of an order entered by agreement of their counsel, "that I am the more disposed to come to this conclusion, because, though the plaintiff will lose the benefit of the stipulation, he will not lose any advantage which the merits of his case entitled him to." The rule which we have applied is approved by the chancery practice.

Hoffman states the rule as follows:—" A party is bound by the consent of counsel in court, although he had no instructions to consent; but," he adds, "*the party will be relieved from an order made by consent, if it was given in ignorance of material circumstances.*" (1 *Hoffman's Ch. Pr.* 28, 29.)

This stipulation pertains merely to the conduct of the cause, and is, in fact, a proceeding in the particular suit, and is no part of the issue in the cause to be tried; and there is no other way for the defendants to be relieved from the stipulation than by motion to the court. It presents a matter which cannot, from the nature of the case, be tried in the usual manner in which issues are tried. It is a proper case, therefore, for relief on motion. (*Wardell* agt. *Eden*, 2 *Johnson's Cases*, 121, 258;

*Col. Cas.* 137; 1 *Johns. R.* 531; *Timon* agt. *Leland*, 6 *Hill's R.* 239.)

The clerk will, therefore, enter an order setting aside this stipulation, for the reasons above stated, and relieving the parties entirely from its effects. No costs, however, are given on this motion. (4 *Russell R.* 149.)