Seldek, J.
 

 The first question which this case presents is, whether the agreement executed on the 18th of May, 1852, by Charles Suydam, as executor of Ferdinand Suydam, deceased, of the one part, and by W. G. and G. W. Ewing of the other part, was obligatory upon the estate of Ferdinand Suydam. It is insisted by the defendant’s counsel i first, that the agreement, having been executed upon one part by Charles Suydam alone, when upon its face it appears that it was also to be executed by Whitney the assignee,* is incomplete, and therefore not obligatory upon any one; and secondly that, if valid as an agreement, it binds Charles Suydam personally, and not the estate of which he was executor.
 

 It is very well settled, that where a bond, a deed, or other written instrument is executed by a portion only of those who appear in the body of the instrument as parties, the. question whether those who have executed it are bound, depends upon the circumstances under which the instrument was delivered. Those circumstances are open to proof by paroi, .and if it
 
 *182
 
 appears, that at the time of the delivery, by any party whose signature is affixed, anything was said indicating that such party did not intend to be bound unless other parties also signed, the delivery will be considered as not absolute, but in escrow merely. The fact that the instrument was intended to be delivered in escrow, may also be inferred from the face of the instrument, or the nature of the transaction, in connection with the circumstances surrounding the parties at the time of the execution or delivery. But it rests upon the party who has signed and delivered the instrument, to establish that the delivery was intended to be in - escrow.
 

 The effect of these principles, when applied to the present case, is-plain, lío extrinsic evidence was offered to show that the agreement was not intended to be obligatory until signed by Whitney. We are left, therefore, upon this question, to the inference to be drawn from the transaction itself, and the circumstances attending it, so far as they appear in the case; and when it is considered that Whitney was to execute merely as the assignee of the firm of Suydam, Sage & Go., who were utterly insolvent, that inference plainly is, that the execution of the agreement by him, being considered as a matter of no moment, was voluntarily waived.
 

 The second objection is, that the agreement was binding only upon Charles Suydam personally, and not upon the estate of Ferdinand Suydam, of which he was at that time the sole acting executor. When it is sought to charge an estate with a contract made by the executor or administrator, two questions arise, viz.: 1. Was'the contract intended and understood to be made by the executor, &c., personally, or in his representative character only: and 2. If intended to bind the estate, was the contract such as could properly have that effect.
 

 In regard to the first of these questions, I am of opinion, that where the contract itself is ostensibly made in behalf of the estate, and relates exclusively to matters in which the executor or administrator has no personal interest, if the latter, in making the contract, describes himself as executor, &c., the presumption is, that he intended to bind the estate and not him
 
 *183
 
 self. This would be found in most cases to be in. accordance -with the facts, and such I think is the legal inference. In the ¡present case, there is no pretence that Charles Suydam had any personal interest in the matter. The agreement was made exclusively in behalf of the estate which he represented, and by affixing to his signature the words “ executor óf F. Suydam,” he indicated that it was the contract of the estate, and not his own. To say, that an agreement made in the just and proper execution of the trust reposed in an executor, if signed “ A B, executor,” is the party’s own personal contract, while if signed “A B
 
 as
 
 executor ” it would bind the estate alone, is to make a distinction which can never be generally understood, or conformed to in practice.
 

 Upon the question whether this contract was one which the executor could properly make with due regard to the interests of the estate, there can be no - doubt. By the arrangement as a yvhole, the estate obtained a certain indemnity against a heavy responsibility, in. lieu of an uncertain and litigated claim, to the fund in the hands of the receiver. The advantages to the estate were obvious, and the executor would have been wanting in fidelity to his trust, if he had failed to enter into the arrangement.
 

 There is, I think, no necessity for resorting to the equitable doctriné of subrogation, to sustain the plaintiff’s claim. It has been held, that an action at law will lie against an executor as such, and judgment may be taken
 
 de bonis testatoris,
 
 for money . paid at the request of the executor for the use of the estate ; although it is said that such an action cannot be maintained for money had and received, because it cannot be for the benefit of an estate that the executor should receive money to the use of other persons. The excess in this case over and above the stipulated amount belonged to the Ewings. So far, therefore, as such excess was applied to the satisfaction of the debt due to the bank,. it was strictly money paid for the use of the estate, and where the law would imply a promise, it will certainly sustain one which is express. The objection, therefore, -could only apply at most to the small balance of $292.32, paid
 
 *184
 
 over by the bank to the executor, and connected as' that is, with the other portions of the arrangement, considering the unequivocal benefits accruing to the estate from the transaction as a whole, the objection should, I think, be regarded as without force even as to that.
 

 It was further objected upon the' argument that the executor in this case did not obtain the authority of the' surrogate to compromise the claim of the estate, to the proceeds of the Po-ttáwotamie certificates, pursuant to the act of 1847. (Laws of 1847, 88.) The object of that statute was, not .toi confer upon executors and administrators powers which otherwise they would not possess, btit to afford' them additional protection, when acting in good faith in the exercise of their common law power's. Although they could compromise a claim, or compound a debt, without the aid of the statute, still they might perhaps be held responsible for any serious error in judgment, in so doing. The act in question enables them to obtain the sanction of the judgment of the surrogate in addition to their own, and this affords them additional protection, if their con duct is fair and honest. The compromise in this case is obvi ously one which does not need the protection of the statute. It follows from these views, that the judgment of the Superior Court Was right, unless some error was committed in adjusting 'the amount.
 

 A point is made upon the construction of the agreement. The sum received by Corcoran, the receiver, from the treasury, was $22,162.58, and by the terms of the agreement, the Mechanics’ Bank was to be entitled to retain this sum out of 'the proceeds of the bonds, together with the “interest which had accrued thereon, in the hands of the receiver,” the excess being to be paid to the Ewings. The appellant claims that this entitled the defendants to interest upon the whole fund 'in the hands of the receiver, from the time it was received by him, until it was paid over to the bank. The referee held that'it gave them only the interest actually realized Upon the fund.
 

 There is no doubt, I think, that the construction adopted by the referee was right. There would have been no necessity for
 
 *185
 
 the use of the term “accrued” if it was intended to allow interest upon the whole sum for the whole time. The words “with interest thereon while in the'hands of the receiver,” would have better expressed such an intent.
 

 The referee undoubtedly erred in carrying out his construction, by not allowing the $411 of interest which had, I think, in the sense of the contract, accrued upon the Missouri state bonds, between the 1st of January and the 18th of May, 1852, although not payable until the 1st of July. This error, however, was corrected by the court below at general term. He also erred in charging the defendants with the five missing coupons, which had been detached from the Nashville city bonds, but that has also been corrected.
 

 The only other error, in stating the account, insisted upon on the part of the appellant is, that he has not been allowed the sum of $554.06 charged by the Mechanics’ Bank, in its account with Suydam, Sage & Co., as the commissions of the receiver. I can see no ground upon which this sum could have been properly allowed to the defendants. No such item was provided for in the contract between the parties.
 

 It appears that that sum was retained by the bank in its settlement with the assignee of Suydam, Sage & Co., but the evidence does not show that it was ever paid over to the receiver. If, however that fact appeared, still the item could not be allowed, for the reason that the Ewings have never agreed to any such deduction. The Superior Court at general term, in correcting the errors which they found in the statement of the account by the referee, acted in strict accordance with the uniform practice in such cases. It is well settled, that when the only error in a judgment is an excess in amount, and such excess consists of a distinct item, or can be definitely ascertained by mere computation, the appellate court may make the reversal of the judgment depend upon the eléction of the-party to relinquish the ascertained excess, and in case of his so electing may affirm the judgment.
 

 The changes which have occurred from time to time in the persons representing the estate of Ferdinand Suydam, do not
 
 *186
 
 affect the case.' The contract of Charles Suydam bound the estate; and this obligation continues, whoever may succeed to the duties of the trust.
 

 The judgment should be affirmed, with costs of the appeal to this court.
 

 All the judges concurring,
 

 Judgment affirmed.