By the Court—Bosworth, Ch. J.
The recovery in this action is right, and the judgment should be affirmed, unless the fact that all the owners of the vessel are not plaintiffs; or unless the settlement made by Stinson constitutes a defense.
That all of several partners do not join as plaintiffs is no objection to a recovery by those who do sue, where the defect appears on the face of the complaint, and the defendant fails to demur. (Zabriskie v. Smith, 3 Kern., 322.)
If the plaintiffs might recover the whole sum due, had they sought to do so, it is no objection which the defendants can take, that they have recovered less. The verdict is for the precise sum equitably due to them as owners of one-half of the vessel, provided they are entitled to recover anything.
The owners of the vessel in question, were as to such ownership tenants in common, not partners. The plaintiffs it is true, as between themselves, owned the one-half as partners. (3 Kent’s Com., pp. 151-157.)
*626 Still it may be, that all the owners must have been made parties, had the defendants insisted upon it, in the manner prescribed by the Code.
But that not having been done, the defendants were precluded from taking the objection at the trial, as a bar to a recovery.
The settlement made between Stinson, as master, and .the defendants, was a settlement of a claim which arose before the plaintiffs were owners, and at a time when Stinson was not the master; and the defendants claim the right, under that settlement, to retain money, which was earned by the vessel and received by the defendants as money thus earned, after the plaintiffs became part owners.
No authority is cited in support of any such power being possessed by the master of a vessel; and we are not aware of any principle upon which it can be upheld. Kelly v. Merrill (14 Maine, 228,) holds the contrary. See, also, Parsons on Maritime Law, (vol. 1, p. 384.)
That claim, whatever it was, had been settled and paid, if not absolutely, yet in such sense that it was not a lien upon the vessel as against these plaintiffs.
We think the plaintiffs were entitled to a peremptory instruction, that a verdict should be rendered in their favor for the sum that was given.
The evidence, as to the fact of the non-residence of Joseph T. Donnell and his absence from this State, is stronger than that given in Nixon v. Palmer, (10 Barb. S. C. R., 175,) and which was there held to be sufficient to authorize the reading of the deposition. No objection being made to the competency, of the evidence given to prove his absence, we think there was no error in holding it to be satisfactory. (7 Wend., 26.)
The judgment must be affirmed, with costs.
Ordered accordingly.