NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
March, 1880.

SHEPARD v. SALTUS.

*In the matter of the estate of* FRANCIS SALTUS, *deceased.*

The power of the Surrogate, under § 35, 3 R. S., 95 (6 ed.), to authorize executors and administrators to compromise any debt or claim due the estate, is not limited to demands against insolvent debtors only. Such authority may be granted where there is doubt as to the liability of the debtor.

Howell v. Blodgett, 1 *Redf.,* 323, disapproved.

MOTION for leave to compromise a claim belonging to the estate.

The petition of Elliott F. Shepard, as trustee and administrator with the will annexed, of decedent, represents that decedent died on the 27th day of April, 1854, leaving a will, and nominating Anna Saltus, his widow, Theodore Saltus and Lansing Pruyn, his executors, who qualified. That on July 14, 1858, pursuant to an order theretofore made by the Surrogate, the said Lansing Pruyn, and also John V. L. Pruyn, made and executed their joint and several bond to the people, in the penalty of $20,000, conditioned that the said Lansing Pruyn should faithfully execute the trust reposed in him as executor, &c., and obey all orders of the Surrogate touching the administration of the estate, committed to him as such executor. That on November 9, 1868, said Anna Saltus and Theodore Saltus were removed from their office as executors, and that on April 29, 1876, said Lansing Pruyn was removed, and petitioner duly appointed sole

administrator with the will annexed, on December 16, 1876, and that he still continues his duties as such administrator; that by an order of the Supreme Court, made October 21, 1876, he was duly appointed sole trustee, to carry out the trusts created by the will of decedent, in the place and stead of the executors aforesaid, to whom the trusts were confided by the will; that said executors rendered an account of their proceedings in this court, and a decree was made in that matter on May 15, 1879; that on November 15, 1877, said Lansing Pruyn departed this life, leaving a will, and appointing his son, Lansing Pruyn, his executor, who qualified, and has entered upon his duties as such; that by said decree it was adjudged that there was due from Lansing Pruyn, as the executor of Lansing Pruyn, deceased, executor of decedent, on February 11, 1879, the sum of $39,829.93, and ordered that petioner, as administrator, recover said sum against Lansing Pruyn, as executor of Lansing Pruyn, deceased, with interest from said date. That by said decree it was also adjudged that there was due, at said date, from Lansing Pruyn, deceased, as trustee under the will of decedent, for the annuity fund of Anna Saltus, the sum of $63,128.58, and for the balance of the income account thereof, $1,769.94; and that petitioner, as administrator and trustee, recover said sum, amounting together to $64,898.62, with interest from said date. The petition further represents that said Lansing Pruyn, executor, has omitted and refused to pay petitioner either of said amounts; that said John V. L. Pruyn died on November 20, 1877, leaving a will, appointing Anna P. Pruyn his executrix, who has qualified as such. That petitioner, as administrator and trustee, was by

order of this court, dated August 29, 1879, authorized and directed to bring an action upon the bond for the full amount thereof against the executrix of said John V. L. Pruyn; that such action has been brought in the Supreme Court; that an offer has been made petitioner, on behalf of said executrix, defendant in said action, to compromise and compound the claim upon said bond by the payment to him of $10,000; that he is advised by counsel, and believes, that the prosecution of the action on said bond will be attended with great labor and expense; will involve difficult questions of law; and that no final determination of said action can probably be had, until the right of recovery has been decided by the court of last resort; that the gravity and importance of said questions are such that it would be to the manifest interests of this estate, and those interested therein, that the said offer of compromise should be accepted, and thus the labor and expense involved in the prosecution of the action, and the hazard of an ultimate determination against the right of recovery be avoided, and prays that he may be authorized to compromise the claim for that amount.

Upon this petition, a citation was granted, directed to all the persons named as interested in the estate, and on the submission of the matter, objections were made as to the sufficiency of the petition, and the authority of the Surrogate to grant the order. At the same time a copy of the answer to the complaint on the bond was presented and filed.

J. L. LAWRENCE, *for petitioner.*

THE SURROGATE.—From an examination of the papers

in the Supreme Court action, I am of the opinion that the recovery is placed in such doubt as to justify the proposed compromise, especially when taken in conjunction with the probable expenses and delay of the litigation.

The only point, therefore, left for consideration, is the authority of this court in the premises. By section 35, 3 *R. S.*, 95 (6 ed.), executors and administrators may be authorized by the Surrogate, on application and cause shown, to compromise or compound any debt or claim. The petitioner, in his capacity as administrator with the will annexed, may be authorized under this statute to compromise, &c. In Howell *v.* Blodgett (1 *Redf.*, 323), it was held that the statute referred to did not apply to demands against solvent debtors. The Surrogate, as a reason for his conclusion, considers the former law, the evil under it, and the remedy intended by said statute, and states that before that statute executors and administrators could not compound or compromise debts due their testators or intestates, which were doubtful or bad, without being liable for the loss personally. In this the Surrogate of Ontario county obviously erred. In Patten's Estate (1 *Tucker*, 56), the same doctrine was held, except the Surrogate added to insolvency "the doubtful validity of the claim," as a reason for allowing the compromise. In Chouteau *v.* Suydam (21 *N. Y.*, 179), at page 184, Judge SELDEN says, that although executors and administrators could compromise a claim or compound a debt without the aid of the statute, they might be held responsible for any serious error in judgment.

In Berrien's Estate (16 *Abb. Pr.*, *N. S.*, 23), Surrogate

COFFIN, after reviewing Howell *v.* Blodgett, and considering the authorities, especially People *v.* Pleas (2 *Johns. Cas.*, 376), held that the Surrogate had power to authorize a compromise of a debt due the estate, whether the debtor be solvent or insolvent.

After the consideration of the authorities, the language of the statute and the reason for its enactment, I entertain no doubt of the authority of the Surrogate to authorize the compounding or compromise of a claim belonging to an estate, on good and sufficient cause shown, whether that cause be the doubtful responsibility or the doubtful liability of the alleged debtor.

So far as the petitioner applies as trustee, appointed by the Supreme Court, it is quite clear that this court has no jurisdiction over him, and can confer no authority upon him; but as administrator he should be allowed to make the compromise.

Ordered accordingly.