Smith, P. J.
Action to recover for goods sold by the plaintiff’s testator to the defendant. Defense that in an action brought by the testator in his lifetime, for the same cause, a settlement was made, after the death of the testator, by the present plaintiff as his executor and the defendant, and that upon such settlement, a release was executed and delivered by the plaintiff as executor to the defendant, in writing and under seal, which is a bar to this action.
The release was put in evidence by the defendant. By its terms, the plaintiff, sole executor, etc., of Charles Auken, deceased, in consideration of the discontinuance, without costs to either party, of the action above referred to and of one dollár to the plaintiff-paid by John Eiener, releases for himself as such executor, and for the heirs, devisees, legatees and next of kin of said* deceased, the said Eiener from all actions, claims and demands, which, against said Eiener, the said testator ever had, or the plaintiff as such executor then or ever had. It recited that the plaintiff “ as such executor” had set his hand and seal thereto; it was signed and sealed by “ Michael Auken, executor of Charles Auken, deceased,” and was acknowledged by the plaintiff to have been executed by him “ as executor,” etc.
The defendant also proved the bringing of the former action by the testator against the defendant for the same cause, and a stipulation signed by the attorneys for the original parties to that action, after the death of the testator, for a discontinuance of that action without costs to either party.
At the trial, the plaintiff claimed that he signed the release under a misapprehension, not knowing its contents, and it not having been explained to him. On that subject Mr. Calkins, who was one of the attorneys of the testator in the former action, and who acted as the legal advisor of the executor, and also as his attorney after the death of the *671 testator, testified that at the time when the release was signed by the plaintiff, who was a German and talked with the witness in German only, he, the witness, translated the substance of it to him in German, and explained to him in German that it was a release of all claims he had. He also testified that shortly before the release was executed, the plaintiff told witness he had learned that the defendant was irresponsible, and asked if he would be justified, in the circumstances, in settling the suit without paying any money, and that witness told him that a counterclaim of quite an amount had been interposed, and that he thought that if the defendant was not responsible, the plaintiff would be entirely justified in settling and discontinuing the action; that a few days afterwards, the plaintiff came to witness’ office and informed him that the suit was settled, witness then entered a memorandum in his register in relation to the matter of which he was so informed; the amount of his charge for what he had done in the case was agreed upon between them; the attorney entered into the stipulation above mentioned, and the release was executed.
The plaintiff testified, in substance, that he never told Mr. Calkins that he had settled the suit, and never went to Kiener to settle it; that he was called by a postal card to go to Mr. Calkins’ office, that Calkins handed him a paper and told him he had got to sign it; that after he signed it, Calkins translated it in German; that he had signed it as a receipt, and that at that time he paid Calkins forty-one dollars, but did not know what it was for. When the release was shown to him at the trial, he admitted the signature to be his; said that he could not tell whether Mr. Calkins read it over to him, but if he did, he did not understand it and subsequently testified that after he had signed it, Mr. Calkins translated it in German “ as good as he could,” and told him it was a settlement of the suit.
There was nothing in this testimony to relieve the plaintiff from the effect of the instrument signed by him. Ho fraud or imposition was practiced upon him; according to his own testimony the nature of the instrument was stated and explained to him in his native language by his attorney; and there is no evidence of circumstances preceding or attending the execution of the paper calculated to induce a person of ordinary intelligence "to infer that the instrument was of some other nature than that which is truly disclosed by its contents. There was no conflict of testimony except as to the one point whether the plaintiff told Mr. Calkins that he had settled the suit. That point was of no consequence, in view of the uncontradicted testimony as to the execution of the paper, and the explanation of its contents, already stated. The trial court therefore ruled properly that there was no question for the jury.
The appellant’s counsel attacks the validity of the release (assuming that it was duly executed), on several grounds; *672 that it is the personal promise of the executor, and does not hind the estate; that it is beyond the scope of his authority as executor, that it is in the nature of a compromise, and was executed without an order of the surrogate authorizing the compromise; that the stipulation to discontinue was a nullity, the authority of the attorneys of the testator having ceased at his death, and no substitution of party or attorney having been made; that the release is void for want of consideration; and that, viewed as a contract, it is void because the minds of the parties did not meet.
These positions are untenable. The release related solely to the interests of the estate. The plaintiff had no personal interest in the matter. He described himself in the instrument as executor, and as such signed and acknowledged it. Thereby, and by the description of the subject matter therein he indicated that it was the contract of the estate, and not his own.- Chouteau v. Suydam, 21 N. Y., 179, 183. It was clearly within his authority to consent to a discontinuance of the action, upon the terms agreed upon. The arrangement was apparently for the interest of the estate. An order oi the surrogate was not needed. An order pursuant to the acc of 1847, (c. 80), might have afforded additional protection to the executor, if he acted in good faith, but independantly of the statute or an order under it, the act was within his com mon law power. Chouteau v. Suydam, supra. The executor as the representative of the testator, and the legal owner of the claim which constituted the subject matter of the former action, had the right to settle the same, and discontinue the action, without being formally substituted as plaintiff therein.
Exceptions were taken to several rulings sustaining objections to questions put to the plaintiff on his direct examination as a witness in his own behalf. It is enough to say that each of the questions was leading, and for that reason the exceptions point to no error.
The appeal from the order denying the motion for a new trial has not been argued before us. We have examined it, however, and think it was properly disposed of.
The judgment and order should be affirmed.
Haight and Bradley,-JJ., concur.