one from the appellant by her release of her right of dower in the Axford farm. William Welch has performed his part of the agreement. And "it is undoubtedly the settled law of this state that when a certain definite contract is clearly established, even though it involves an agreement to leave property by will, and it has been performed on the part of the promisee, equity, in a case free from all objections on account of the adequacy of the consideration, or other circumstances rendering the claim inequitable, will compel a specific performance." Gall v. Gall, 64 Hun, 601, 19 N. Y. Supp. 332; Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454. Here there is no uncertainty or indefiniteness. The court is not required to spell out or to patch up an agreement. It knows the specific property, the subject of the agreement, and exactly what is to be done with it. The subject of the agreement is certain and definite: A mortgage upon a named farm, given by the promisor to the promisee. What is to be done with it is clear and precise. It is to be given to Alice Welch. How? Either by assignment or bequest. There is a consideration for it, and the promisee has fully performed on his part. And the equities in the case require its enforcement, rather than its nonenforcement. A failure to enforce it leaves the estate of Hanford in possession of both a mortgage for the full or nearly the full value of the one farm, and the farm given in exchange for such mortgaged farm, and strips the Welch family of everything, for no consideration. Where an agreement is made by the husband, for the benefit of his wife, with a third person, and the husband has performed his part of the agreement, such agreement can be enforced by the wife. Buchanan v. Tilden, 158 N. Y. 109, 52 N. E. 724.

For these reasons, the judgment appealed from, as against the appellant, Alice Welch, should be reversed, the referee discharged, and a new trial granted; costs to abide the event. All concur.

---

(48 App. Div. 359.)

ROCKLAND & HARDENBURGH TOWN FIRE INS. CO. v. BUSSEY.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. INSURANCE—CO-OPERATIVE COMPANY—INCORPORATION—ESTOPPEL TO DENY.
   Where defendant applied for and received a policy from a co-operative fire insurance company, and paid his assessments until the one sued for, he is estopped to question the regularity of the company's incorporation, since he has dealt with it as a de facto corporation.

2. SAME—MEMBERSHIP—EVIDENCE.
   Where defendant received a policy from a co-operative fire insurance company, which he returned to be changed to include more property, and the secretary of the company swore it was returned to defendant after such alteration was made, which defendant denied, but continued to pay assessments until the one sued for, defendant was a member of the company, and subject to liabilities as such.

3. SAME—ASSESSMENTS—UNPAID PRIOR LEVIES.
   Under Laws 1892, c. 690, §§ 267, 268, giving town co-operative insurance companies power to make assessments from time to time as losses occur, and to borrow money to meet losses, etc., such a company may properly include in an assessment an amount sufficient to cover a deficiency caused by unpaid assessments in former levies.

Appeal from Sullivan county court.

Action by Rockland & Hardenburgh Town Fire Insurance Company against Jerry S. Bussey. From a judgment of the county court reversing a judgment of a justice in favor of defendant, defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

J. M. Maybee, for appellant.
C. L. Andrus, for respondent.

HERRICK, J. The defendant made his application to the plaintiff for a policy of insurance. He received a policy from it. He paid his assessments from that time forward, down to the one now in question, thereby becoming a member of what was at least a de facto corporation, and he cannot now raise any question as to the regularity of its incorporation. White v. Ross, 4 Abb. Dec. 589; Whitford v. Laidler, 94 N. Y. 145–151; Bank v. Pfeiffer, 108 N. Y. 242, 15 N. E. 311; Vinegar Co. v. Schlegel, 143 N. Y. 537–543, 38 N. E. 729.

The contention of the defendant that he has not had a policy with the plaintiff I do not think can be sustained. He made his application for a policy. It was delivered to him. He thereafter made objection to it that it did not include all the property that he desired to have insured. It was returned by him to the secretary of the company, by whom it was changed, and one of the directors swears that he redelivered it as so changed to the defendant. The defendant denies this, but he continued thereafter to pay the assessments made against him as one of the policy holders of the company. Under such circumstances, it seems to me that there can be no question but that, if he had sustained a loss, he could have recovered from the company, and, tested by that, I think he also is subject to the obligations as a member of the company.

The assessment for the collection of which this action is brought is made up from the defendant's pro rata share of the loss from two fires, of money borrowed by the company amounting to the sum of $143.93, and expenses aggregating $91.13; and it is argued before us that in the item of expenses is included the amount of unpaid assessments made to pay former losses, which, it is contended by the appellant, it has no right to collect from the members, and that, therefore, he should not be assessed his pro rata share of such amount. The plaintiff is a town co-operative insurance company, incorporated under article 9 of the insurance law (Laws 1892, c. 690). It is obvious, from reading sections 267 and 268 of that act, that the policies issued are intended to afford complete indemnity for all losses incurred to the extent of the amount set forth in such policies, and it must be apparent that complete indemnity will not be afforded if the insured only receives the amount of assessments paid in upon any loss, unless a general assessment is made to meet the estimated loss or damages and expenses for the entire year, pursuant to section 268. The plaintiff, it appears, did not deem it wise

to avail itself of· this provision of the statute, but made assessments from time to time as losses occurred, as it might lawfully do, and I think it is entirely within its province, when the amount collected from any such assessments fails to meet the requirements of the company, to make up such deficiency by a subsequent assessment therefor upon its members.

It will be observed that under section 268 such corporation has the right to borrow money for the purpose of making good any loss sustained, and, under the law, the only way it has of meeting its obligations and expenses is by an assessment upon its members, and such assessments the defendant agreed to pay when he became a member of the corporation, by applying for and taking out a policy of insurance thereupon. And the items for borrowed money and expenses, assuming that such expenses included the necessary money to make good the failure to collect assessments from policy holders for former losses, are properly included in the assessments against the defendant.

The judgment appealed from should therefore be affirmed, with costs. All concur.