Babbett v. Young.

## BABBETT *vs.* YOUNG.

Where there is a variance between the complaint and the proof, in regard to the time of delivery and acceptance of property, which has not misled the defendant, the court in the exercise of its discretion, may direct the jury to find the fact according to the evidence.

Where there is nothing in the body of a written agreement, or in the form of a party's signature, to indicate that the obligation thereby created was in-tended to be any other than a personal obligation on his part, parol evidence is inadmissible to show that the agreement was in fact the obligation of third persons, and that such party signed it as their agent.

*It seems* the rule is otherwise where it appears in the body of the instrument, or from the signature of a party thereto, that he was acting for others and intended to bind them, and not himself.

Where a party sued upon an agreement executed by him in his own name, does not claim, upon the trial, to recoup any damages except such as have accrued to third persons, by the plaintiff's alleged breach of the agreement, and they are not shown to be parties to the agreement, an offer to prove a counter-claim in their behalf, is properly overruled.

Babbett *v.* Young.

Under section 97 of the act of congress, passed June 30, 1864, "to provide ways and means for the support of the government, and for other purposes," (13 *U. S. Stat. at Large, p.* 270,) which provides "that every person, firm or corporation who shall have made any contract prior to the passage of this act, and without other provision therein for the payment of duties imposed by law enacted subsequent thereto, upon articles to be delivered under such contract, is hereby authorized and empowered to add to the price thereof so much money as will be equivalent to the duty so subsequently imposed on said articles, and not primarily paid by the vendee, and shall be entitled by virtue hereof, to be paid, and to sue for and recover the same accordingly," prepayment of the duty by the vendor is not a requisite to his claim to recover the same of the vendee, in an action brought for the price of the goods sold.

By section 94 of that act, the manufacturer is made liable primarily for the payment of the tax; and this liability makes his claim against the vendee as complete as if he had actually paid. The effect of section 97 is to cast this liabitity, ultimately, upon the party purchasing of the manufacturer. The law merely adds to the certainty of collection, and is but one of the means which congress had power to adopt, to accomplish the end designed.

THE complaint in this action contains two counts. The first alleges an agreement in writing, executed by the plaintiff and defendant, dated the 8th of April, 1864, wherein the plaintiff agreed to furnish and deliver certain machinery therein specified, to the defendant, on or before the 1st day of August, then next, with a stipulation that if the plaintiff should use all proper diligence to complete the same by the 1st of August, and should fail, nothing in the agreement should be so construed .as to compel the plaintiff to pay damages therefor; and with a further stipulation that no damages should lie against the plaintiff, under the agreement, if he should have the last of said machinery ready for delivery on or before the 1st day of October, then next. The defendant agreed to pay for such machinery, certain prices specified in the agreement, $4500 thereof to be paid at any time when the plaintiff should require it for the payment of help or the purchasing of material for said work, and the balance to be paid on the completion of the job. It was also stipulated that the whole job was to be made and furnished as the defendant

should direct, and that he was at liberty to make any alterations in the specifications contained in the agreement that he might deem advisable, provided the plaintiff incurred no additional expense thereby. The complaint averred that subsequently to the execution and delivery of the agreement it was modified by the parties, in certain respects, therein specified, in relation to the construction of the machinery. And the complaint averred that "all of the machines, which by the terms of said contract as modified as aforesaid, said plaintiff was to furnish and deliver were, in pursuance thereof, duly furnished and delivered to said defendant by said plaintiff, and were received and accepted by said defendant." The complaint also alleged that the material necessary to build said machinery, and which the plaintiff necessarily purchased after the date of the contract increased in market value to the sum of $417.17. The second count was for an increased tax or duty upon the manufactured articles in question, imposed by an act of congress passed subsequently to the making of the contract, and referred to in the complaint.

The answer (1) denied that the machinery was made and delivered to the defendant and accepted by him, in pursuance of, and according to the terms of the contract, as modified; (2) alleged that the contract was made by the defendant on behalf of the firm of Barber, Sheldon & Co. which was known to the plaintiff; that the machinery was delivered to said firm and paid for by them, and they should be the parties defendant; (3). denied any rise in the price of the materials, had the plaintiff used due diligence in manufacturing the machines; (4) alleged that the plaintiff did not use due diligence, and the machinery was not all made, and was not received as being in conformity with the contract, and the defendant did not waive compliance with the contract; (5) alleged that the machinery was of inferior quality, worth only $4500,

Babbett v. Young.

which had been paid ; (6) alleged that the machines were not delivered in time, and damages were thereby occasioned to Barber, Sheldon & Co. which they had assigned to the defendant, and he claimed to recoup; and (7) alleged that the duty imposed by act of congress, had not been paid by the plaintiff.

The plaintiff put in a reply denying the counter-claim.

The cause was tried at the Cayuga circuit, in January, 1866. The plaintiff produced in evidence the contract set out in the complaint, signed by the plaintiff and defendant respectively. The defendant did not sign as the agent or in behalf of the firm of Barber, Sheldon & Co. nor was he described as such in the agreement, nor was said firm mentioned in it. The plaintiff then proved the delivery of all the machinery. The first was delivered 26th September, and the last, 30th November, 1864. It was all taken from the plaintiff's shop by Asa Austin, a cartman, who was sent for it by the defendant, and who was engaged for Barber, Sheldon & Co. The plaintiff applied to the defendant for pay, and received several sums amounting to $4500 in all, in the checks of Barber, Sheldon & Co. and credited the defendant with the payments. The plaintiff also proved a rise in the value of stock to the amount of $390.37, and increased tax under the act of congress referred to, $105.95, and then rested.

The defendant's counsel moved for a nonsuit on the ground that as the proof showed that the machinery was not all ready for delivery, until long after the time specified in the contract, no recovery could be had under the pleadings. The motion was denied, the court saying that if the jury should find the contract had been substantially complied with, they would be instructed to disregard all immaterial variances in respect to time, place and circumstances. The defendant's counsel excepted to the ruling.

The defendant's counsel then offered to prove all the

facts alleged in the answers, so far as they relate to the question of counter-claim or recoupment; the defendant claiming no damages except such as had accrued to Barber, Sheldon & Co. The plaintiff's counsel objected, and the court sustained the objection, to which ruling the defendant's counsel excepted.

The defendant's counsel in due season, claimed that there were certain questions of fact in the case, which he specifically stated, and requested the court to submit to the jury, but the court overruled the claim and request, and the defendant's counsel excepted.

The court then directed the jury to find a verdict for the plaintiff for the balance due for machinery delivered, $855.76; for increased price of stock $423.29, and for additional tax $105.95, making in all, $1385, to which direction the defendant's counsel excepted.

The jury found a verdict as directed, and the court thereupon ordered the exceptions taken by the defendant's counsel to be heard at the general term in the first instance, and that judgment be suspended in the meantime.

*Geo. F. Danforth,* for the plaintiff. I. None of the exceptions were well taken. 1. The plaintiff fully proved his cause of action, viz: The making and execution of the contract; the manufacture of the articles contracted; delivery by him in pursuance of the defendant's directions; the acceptance of them by the defendant; the payment of an increased price for the necessary stock; liability to pay the additional tax. *By act of Congress, July* 1, 1862, *section* 75, (*U. S. Stat. at Large, vol.* 12, *p.* 46,) a duty of three per cent was imposed upon the articles in question. The contract in question was made April 8, 1864, and while the above act was in force. *The act of Congress, June* 30, 1864, *section* 94, (*U. S. Stat. at Large, vol.* 13, *p.* 270,) exacted in place of the above three per cent, a duty of five per cent. And by section 97 of the act of 1864, it is

provided, (quoting section.) The plaintiff came within this provision. 2. The written contract was between the plaintiff and the defendant as principal. (*Auburn City Bank* v. *Leonard*, 40 *Barb.* 119.) There was no privity between *Barber, Sheldon & Co.* and the plaintiff. They had, and could have no claim in respect to the machinery, against the plaintiff, and, of course, could assign none to the defendant. 3. There was no question for the jury.

*D. Wright*, for the defendant. I. The court erred in holding that the plaintiff was entitled to recover upon the proof, *as applied to the pleadings*. The complaint counts upon the special contract *only*, and says that "all the machines, which * * * said plaintiff was to furnish and deliver, were in *pursuance thereof*, duly furnished and delivered to the defendant by the plaintiff, and were received and accepted by said defendant, and payment therefor, duly demanded. That is expressly denied by the answer. Upon this issue the defendant was entitled to a verdict. For whereas the contract expressly required that *all* of this machinery was to be furnished "*on or before the 1st day of August next.*" Yet in fact the first was not ready for delivery until the 26th of September, nearly two months after it was due, and the last was not delivered until November 30, 1864, and yet the court decided the plaintiff was entitled to recover the balance due under this contract, *upon these pleadings*. And in this, I submit the court erred. In *Demott* v. *Jones*, (2 *Wall.* 9,) Justice Swayne, says, speaking of an action for moneys due upon a special contract, by assumpsit: "He must produce the contract upon the trial, and it will be applied as far as it can be traced. * * * In such cases the defendant is entitled to recoup for the damages he may have sustained by the plaintiff's deviations from the contract, not induced by himself, both as to the manner and the time of performance." (*Van Buskirk* v. *Stow*, 42 *Barb.* 10. *Parsons on*

*Cont. 5th ed.* 660.) The action should have been upon the common counts in assumpsit, or if special, should have set out the facts truly. Upon the *pleadings* as they are, the plaintiff must fail.

II. The court erred in refusing to allow the defendant to prove his answers. The machinery not having been delivered in time, the defendant had the right to recoup whatever damages had been sustained. He averred in his answer that he made the contract, as the agent of, and for Barber, Sheldon & Co. and that that fact was known to the plaintiff. But all the machinery had in fact been delivered by the plaintiff directly to that firm; that the moneys paid were paid by that firm; and that that firm had sustained damages by the failure of the plaintiff to perform this contract to $1800; all this was decided by the court to be immaterial; this most manifestly was an error.

III. But the defendant went further, and alleged that the damages which had been sustained by Barber, Sheldon & Co. had been assigned to the defendant, and he offered to recoup them in this action; his right to do so is very clear. This counter-claim was directly "connected with the subject of the action." (*Code,* § 150, *subd.* 2.)

IV. The court also erred in directing a verdict for the two per cent additional tax. 1. Because the tax had not been paid. 2. Congress does not possess the power thus to vary the contract of the parties. Possibly congress might direct to whom this additional tax should be assessed, but to say that a tax assessed against A. shall be paid to *him* by B. is beyond their constitutional power.

V. The court also erred in directing the jury to find $423.29 for rise in price paid for materials, for the reasons stated.

*By the Court,* JAMES C. SMITH, J. The variance between the complaint and the proof in respect to the time

when the machines were delivered and accepted was properly disregarded by the court. It was not shown, or alleged by the defendant, that he had been misled by it, and the court in the exercise of its discretion, gave instructions to the jury which were equivalent to a direction to find the fact according to the evidence. This the court had power to do. (*Code*, §§ 169, 170.) By the disposition thus made of the point raised, no substantial right of the defendant was prejudiced, and all ground for the motion for a nonsuit was removed.

The claim made by the defendant that Barber, Sheldon & Co. and not himself, were the real contracting parties, and that they had sustained damages by the plaintiff's breach of the agreement, which the defendant claimed to recoup, was untenable. There was nothing in the body of the written agreement, or in the form of the defendant's signature, to indicate that the obligation thereby created, was intended to be any other than a personal obligation on his part. That being the case, parol evidence was inadmissible to show that the agreement was in fact the obligation of Barber, Sheldon & Co. and that the defendant signed it as their agent. (21 *Wend.* 101. 1 *Denio*, 226. 11 *Mass. R.* 27. 21 *Barb.* 17. 40 *id.* 119.) It seems the rule would have been otherwise, if it had appeared in the body of the instrument, or from the signature of the defendant, that he was acting for Barber, Sheldon & Co. and intended to bind them and not himself. (*Auburn City Bank* v. *Leonard*, 40 *Barb.* 119, 136, *and cases there cited by Johnson, J.*) As the defendant, on the trial, did not claim to recoup any damages except such as had accrued to Barber, Sheldon & Co. by the plaintiffs' alleged breach of the agreement, and as they were not shown to be parties to the agreement, the offer to prove such counter-claim was properly overruled.

The objections taken to the allowance of the additional duty under the act of congress remain to be considered.

The act of congress, entitled " an act to provide ways and means for the support of the government, and for other purposes," passed June 30, 1864, (13 *U. S. Stat. at Large,* *p.* 270,) provides " that every person, firm or corporation, who shall have made any contract prior to the passage of this act, and without other provision therein for the payment of duties imposed by law enacted subsequent thereto, upon articles to be delivered under such contract, is hereby authorized and empowered to add to the price hereof, so much money as will be equivalent to the duty so subsequently imposed on said articles, and not previously paid by the vendee, and shall be entitled by virtue thereof to be paid, and to sue for and recover the same accordingly." (§ 97.) It is not questioned that the case in hand is within the provision above transcribed, and the only objections made to the allowance of the claim, are: (1.) That the tax has not been paid by the plaintiff. (2.) Congress has not power thus to vary the contract of the parties, and to direct that a tax assessed against the plaintiff, shall be paid *to him* by the defendant.

It is clear from the language of the act, that pre-payment of the duty by the vendor is not a requisite to the claim. By section 94, the manufacturer is made liable primarily for the payment of the tax, and this liability makes his claim against the vendee as complete as if he had actually paid. The effect of section 97, is to cast this liability ultimately upon the party purchasing of the manufacturer. No question is made of the power of congress to make the purchaser liable in the first instance, and exclusively, so far as he is concerned. Such is in substance, the effect of the law as it stands. It merely adds to the certainty of collection, and is but one of the means which congress had power to adopt, to accomplish the end designed. It is immaterial to the purchaser, whether the tax is imposed on him directly, or whether it is laid on the manufacturer

in the first place, and then added to the price.    The plaintiff was entitled to have the claim allowed him.

There was no question for the jury, in the case.    But the item for increased price of stock as fixed by the jury, under the direction of the court, seems to be larger than the proof warranted, by the sum of $33.08.    If the plaintiff will deduct that sum from the verdict, judgment should be ordered for the balance, with costs; otherwise the verdict should be set aside, and a new trial ordered, costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, September 2, 1867.  *J. C. Smith, Welles,* and *E. D. Smith,* Justices.]