JOHN FOWLER, Respondent, *v.* MARIA B. SEAMAN, Appellant.

Where a married woman is the owner, in her own right, of a leasehold interest in a city lot, and her husband makes a contract, in his own name, for the erection of a building thereon, which is erected under the contract, and the price paid, principally, from moneys raised from encumbrances placed upon the property for that purpose by such married woman, and before the completion of the building, she leases the property, covenanting in the lease to complete the building described precisely as in the building contract; these circumstances are sufficient, in an action by the contractor, to recover from her the price of extra work done upon the building by direction of her husband, to authorize a jury to find that he directed such extra work as her authorized agent, and in her behalf, and she is liable therefor.

(Argued April 1st, 1869; held over the June term for further consideration, and decided at the September term.)

THIS action was for extra work on a building erected for and owned by the defendant, who was a married woman, the plaintiff claiming the amount as an equitable charge on her separate estate, which consisted of the building and the lot on which it stood.

The plaintiff's brother and assignor contracted to erect the building on the 27th of October, 1856. The contract was made in the name of the defendant's husband, James V. Seaman. It appeared that the property was purchased for the defendant in 1827, with her share of her father's estate, and was conveyed to Legget and Wright as trustees for her, and to become hers absolutely on the death of her husband. Provision was made in the deed for the substitution of other trustees, with her assent. On the 18th of April, 1853, the other beneficiaries in the trust released their interest to the defendant. On the 18th of August, 1855, the trustees first named declined to serve further, and with her consent, conveyed the premises in question, in pursuance of the provision in the trust, to her husband as substituted trustee. On the

27th of October, 1856, the building contract was entered into with plaintiff's assignor.

The work was done wholly on the credit of the wife's property. During its progress, and on the 1st of May, 1857, she united with her husband *as her trustee*, in a mortgage to the plaintiff for the amount due, so far as the work had then progressed upon the contract. She had previously leased the lot, covenanting to complete the building. Both these instruments were executed before the extra work in question was done, and it was work which was not embraced in the original contract.

The judge found, as matter of fact, that the extra work in question was done in her behalf, with her knowledge, by her authority, and for the benefit of her separate estate. He adjudged the balance due to be a lien and charge on the property in question, and gave the usual direction for the satisfaction of the demand by a sale of the property. The judgment was affirmed at the General Term, and the defendant appealed.

*G. Tillotson*, for the appellant, cited *Yale* v. *Dederer* (18 N. Y., 265); *S. C.* (22 N. Y., 450).

*John K. Porter*, for the respondent, cited *Robbins* v. *Dillaye* (37 N. Y., 38, 39); *Owen* v. *Cawley* (36 N. Y., 600); *North American Coal Co.* v. *Dyett* (7 Paige, 9); *Valton* v. *National Ins. Co.* (20 N. Y., 35); *Merritt* v. *Seaman* (6 Barb., 335).

GROVER, J. The separate estate of a married woman was chargeable in equity for the payment of a debt contracted by her for the benefit of such estate before the passage of the act of 1860, protecting and enlarging the rights of married women. (*Yale* v. *Dederer*, 22 N. Y., 450; *Owen* v. *Cawley*, 36 id., 600; *Robbins* v. *Dillaye*, 37 id., 35.) Since the passage of that statute, such debts may generally be recovered out of such separate property, in like manner as if the wife were sole.

In the present case the only question is, whether the defendant contracted the debt or whether it was the debt of the husband. This question arises upon the exception taken by the defendant's counsel to the denial of a motion for a nonsuit, and to the finding of the fact that the debt was contracted by the husband as agent for the defendant, and on her behalf. It was undisputed that the debt was for the benefit of the separate estate of the wife. The sole question is, whether it was contracted by the husband on his own account, or as agent for and on account of his wife. The case shows that the defendant was owner, in her own right, of a leasehold interest, for a term of years, of a lot upon Broadway in the city of New York. That her husband made a contract, in his own name, with the plaintiff's assignor for the erection of a building thereon, for the sum of $17,400. That the building was erected under the contract, and the contract price paid principally from means procured by the appellant, from and by encumbrances placed by her upon her separate estate. That before the completion of the building, the appellant leased the premises for the term of seven years, and in the lease covenanted to erect and complete a building thereon in precise accordance with that specified in the contract. The debt in question was for extra work done upon the building by direction of her husband. The above facts tended to show that the husband was acting in relation to the building with the knowledge and by the authority of the appellant, and justified the finding that he directed the work as her agent and on her behalf. It was, therefore, her debt in equity the same as though directed by herself. It is an elementary principle that where an agent contracts in his own name for an unknown principal, such principal is liable upon the contract to the same extent as though the contract was made in the name of the latter. The judgment appealed from must be affirmed.

JAMES, J. (dissenting.) The complaint in this case avers that the defendant was and is the wife of James V. Seaman;

that, in 1856, plaintiff's assignor entered into a contract with James V. for the erection of a building on lot No. 252, Broadway; that said contract was assigned to plaintiff; that plaintiff finished and completed such building; that $300 is unpaid on said contract; that defendant owned said lot; and that said contract was made by her said husband as her trustee and for her benefit. This last allegation of the complaint was denied.

The trial was before the court without a jury, and the court found "that James V. Seaman, in making said contract, was the agent in that behalf of the defendant, and acted in such capacity; that the contract was entered into for and on behalf of said defendant with her knowledge, for the benefit of her separate estate."

This finding is conclusive against the defendant, if there was any evidence given on the trial by which it can be sustained.

In transactions between a husband and another, the wife is no more bound than any other third party. If the husband assume to contract in her name, or in her behalf, the same evidence is required to prove his authority from her, as it would to prove an authority from any other person. The husband's contracts, or acts, are not those of his wife, unless made by her direction or authority, or subsequently ratified by her. If the husband contract for work to be done upon his wife's separate estate, upon his own credit, it cannot be made a charge against her without her assent.

In this case there was no evidence to sustain the finding of the court that "James V. Seaman, in making said building contract, was the agent in that behalf of the defendant, and acted in such capacity; that the contract sued upon was entered into for and on behalf of said defendant, with her knowledge, for the benefit of her separate estate." On the contrary, the proof showed it was the individual contract of the husband; it contained no intimation that it was for any one else; no evidence of any direction or authority from the defendant to the husband to make it; nor any evidence of ratification of it on her part.

The only testimony which it is claimed tended to show agency, was that of the contractor, who testified that: "At the time of making the contract, the husband said the property belonged to his wife, and he was acting as her trustee;" and that after completion, the wife, jointly with the husband, leased the building to a tenant. Neither an agency or a trusteeship can be sustained by the mere assertion of it; until the agency was established, the alleged principal is not bound by the statements of the pretended agent, therefore this evidence of the remark of the husband was but hearsay, and was not proof of the trusteeship of the husband. The other fact that the wife, jointly, with the husband, afterwards leased the building to a tenant, is entirely inconsistent with the other statement, that in contracting for the building, he was acting as her trustee. If the building was hers, if he had it built as her trustee, he would have leased it as trustee, or in her name, and not made a joint lease. Such a lease implied a joint interest, and is entirely consistent with the fact that the building was the property of the husband, and the real estate that of the wife, making a joint lease necessary and proper.

It was said in the prevailing opinion of the Supreme Court: "There was some evidence given as to whether, the husband, in ordering the work, was the duly authorized agent of the defendant." I have been unable to find one particle of legal evidence of that kind; on the contrary, the evidence given not only failed to show the authority of the husband, but affirmatively proved that he acted for himself; that the contract was his, and made in his individual character.

It is perfectly clear that this was the contract of the husband and performed on the faith and credit of the husband; that the idea of an agency for the wife was an after thought, stimulated by the husband's probable insolvency. To establish such an agency, affirmative proof was necessary. Something more than that she owned the land on which the building was erected. A person, in the absence of fraud, whether wife or stranger, may allow another to build on his

land at his own expense, without liability to the person doing the work, even though the premises are thereby greatly enhanced and a subsequent joint lease to a tenant, instead of implying an agency in the builder for the land owner, would imply an ownership by one of the building and the other of the land.

The finding of the court was wholly without evidence to warrant it, and the judgment should be reversed and new trial ordered.

HUNT, Ch. J., LOTT, MURRAY and DANIELS, JJ., concurred with GROVER, J., for affirmance.

MASON, J., was for reversal, substantially on the ground stated in the opinion of JAMES, J.

WOODRUFF, J., was also for reversal. He thought the written contract being made with the husband alone, and nothing in it, in the slightest degree, intimating the presence of any principal or other party, the extra work must be regarded as done upon the same responsibility. 2d. It was done for the husband's benefit. By the terms of the defendant's trust deed, the rents and profits were to be applied to the support of *his* (*the husband's*) family, the family he was bound to support. 3d. Her lease contains nothing inconsistent with the idea that the husband had contracted to put up the building, and that the equities between her and him made it proper that he should contract and be responsible for the work.]

Judgment affirmed.

(*Remainder of September Term in next Volume.*)