Squier *v.* Norris.

ALBERT SQUIER, Appellant, *v.* MARIA NORRIS, Respondent

(GENERAL TERM, THIRD DISTRICT, MAY, 1869.)

A contract for the sale of lands, made and signed by an authorized agent, but
  not referring to the principal, or signed in the latter's name, does not bind
  the principal; and in an action against the latter to enforce specific per-
  formance, proof of the signer's agency is inadmissible.

So held where a husband having authority to sell, made a contract under
  seal for sale of his wife's lands, in his own name, without disclosing his
  agency.

Nor is the receipt of a portion of the purchase money by the principal,
  and his subsequent parol promise to be bound by the contract a ratification
  thereof by him.

To render a contract for sale of land, signed by an agent in his own name,
  binding on the principal, his agency and principal must appear from the
  instrument signed.

THE action was brought to compel the specific performance
of a written contract under seal, dated October 28th, 1867, by
which Samuel Norris, defendants' husband, agreed to convey to
the plaintiff a farm owned by the defendant. The case was
referred.

The referee found, among other things, that the defendant
had previously given Samuel Norris parol authority to sell
said premises.

That said agreement was entered into and signed and
sealed by the plaintiff, and the said Samuel Norris in his indi-
vidual capacity, and with the understanding by the plaintiff,
that Samuel Norris was the owner of the premises.

That the sum of fifty dollars was paid by the plaintiff to
Samuel Norris, as part of the purchase money, at the time
the agreement was signed; and that said Samuel Norris,
soon after receiving it, paid the fifty dollars over to the
defendant. That after the defendant had been informed of
the existence of said agreement, and prior to the first day of
April, 1868, she made a parol agreement with the plaintiff,
in substance, that she would, on the first day of April, 1868,
convey the lands in conformity with the agreement, entered
into between the plaintiff and Samuel Norris.

That on the first day of April, 1868, the plaintiff tendered to the defendant the whole amount of money due on said contract, viz. : $2,450, which the defendant refused to accept.

That the plaintiff also asked her, the defendant, to execute a deed which had been prepared in conformity with said written agreement, and with the said parol agreement, which she refused to do, and as conclusions of law he found and reported :

That the said written agreement did not obligate the defendant to convey said lands, because it did not purport to be her agreement.

That the subsequent parol agreement, made by her with the plaintiff, was void by the statute of frauds, because it was an agreement, in substance, to convey lands, merely referring to the written agreement between the plaintiff and Samuel Norris, for the terms and conditions upon which it was to be conveyed.

That the complaint should be dismissed and the defendant have judgment.   Exceptions were duly taken to the referee's report.   The referee was requested to report, that the defendant be decreed to specifically perform her contract, and that the plaintiff recover for damages, the value of the use of the property.   The referee refused to report as requested and the plaintiff duly excepted.

Judgment was entered upon the report of the referee in favor of the defendant, and the plaintiff appealed to the General Term of the Supreme Court.

*Andrew Thompson,* for the appellant.

*Niven & Thompson,* and *A. J Parker,* for the respondents.

Present—MILLER, INGALLS and PECKHAM, JJ.

By the Court—MILLER, P. J.   Two questions arise upon this appeal:   First. Whether the execution of the written agreement for the sale of the defendant's lands by her hus-band, without the use of her name, obligated the defendant

to execute a conveyance of the premises to the plaintiff. Second. Whether the parol agreement of the defendant, after the written contract was executed to convey the property in conformity with said contract, was a ratification of that contract, and bound her to fulfill.

The defendant had given her husband parol authority to sell the property, as the referee has found; and he executed the contract in his individual capacity, and with an understanding by the plaintiff, that he, and not his wife, was the owner of the property. By the statute of frauds every contract for the sale of lands, or an interest in lands, is void unless the contract, or some note, or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party, by whom the sale is to be made. (2 R. S., 135 § 8.) Another, and the next section, provides that any instrument required to be subscribed by any party, may be subscribed by the agent of the party lawfully authorized. (See § 9.) The contract which the plaintiff seeks to enforce in this action was not subscribed by the defendant and on its face did not purport to be signed by her agent lawfully authorized, or for her benefit, and therefore independent of any proof of authority of the husband, was not binding upon her. She had entered into no contract, unless it was done by the instrumentality of her husband acting as her agent, and by and with her authority and consent, which did not appear by the contract itself.

It is true that the authority of the agent may be conferred by parol, and that neither a written authority nor an authority under seal, is required. (*Worrall* v. *Munn*, 1 Seld., 243; *McWhorter* v. *McMahan*, 10 Pai., 386; *Lawrence* v. *Taylor*, 5 Hill, 107). But when the contract is under seal and entered into by an agent it must appear from the contract itself, that it purports to be made by the principal before it can be considered as obligatory upon the principal. We have been referred to several cases as authority for the doctrine that a subscription by the agent, without a designation of the principal, is sufficient. A critical examination of these cases establishes that to render

such an execution of a written contract for the sale of real estate valid and effectual, it must appear from the paper signed by the agent, that the agent acted in that capacity, and it must also appear who the principal was. In *Pinckney* v. *Hagadorn* (1 Duer, 89), which was affirmed by the Court of Appeals, it was held that the statute was sufficiently complied with, where the entry by an auctioneer of the sale in which the name of the principal appears, is signed by the auctioneer with his own name, without any reference to his character as agent. The court say: "The auctioneer's entry furnishes the *name of the principal;* and although that name does not appear in the subscription, the intention to bind him, and not the auctioneer personally, is perfectly plain, and makes it the contract of his principal." It will be seen that the name of the principal was incorporated in the memorandum, and the intention was manifest.

In *Tallman* v. *Franklin* (14 N. Y., 584), the auctioneer attached a letter, signed by the owner, which stated the terms of the sale on a page of his sale book, then made the residue of the entries requisite to constitute a memorandum of the contract and subscribed his name to it, and it was held that the letter was to be taken as a part of the memorandum subscribed by the auctioneer, and rendered it sufficient within the statute. The name of the principal was here also incorporated in the contract.

In *Bush* v. *Cole* (28 N. Y., 269), the action was brought by the purchaser against the auctioneers, who sold the house for a less sum than was authorized by the owner, who refused to give title, and it was held that the contract was not binding upon the owner, for the reason, among others, that the contract of sale "did not show who the *owner* of the premises was."

In *Townsend* v. *Corning* (23 Wend., 435), it was decided that a covenant for a sale of land, as well as a deed passing an interest in land, where the contract is made by *an attorney in fact*, to be valid, must be executed in the name of the *principal, by his attorney,* and that *his own name* is not enough. BRONSON, J. who delivered the opinion of the court, cites from

*Combe's* case (9 Coke, 76), where the rule is laid down "tha, when any one has authority, as attorney, to do an act, he ought to do it *in his name who gives the authority*, for he appoints the attorney to be in his place, and to represent his person; and, therefore, the attorney *cannot do it in his own name*, nor as his proper act, but *in the name and as the act* of him who gives the authority." He also cites from Bac. Abr., and numerous cases sustaining this doctrine. If this rule be applicable, then the defendant, not being named in any way in the contract, and it being in the name of her husband, she would not be liable for his acts, even if authorized.

In *St. John* v. *Griffith* (2 Abb., 198), there was a part performance of the contract by the defendant and an entire performance by the plaintiff, and it was decided that the defendants would be liable, in an action of this nature, upon the facts presented.

It is nowhere decided that an agent or attorney can bind his principal in a contract for the sale of lands where he enters into the contract in his own name and there is an understanding by the vendee that he was the owner of the premises. He may be liable personally in damages for a failure to fulfill, but to hold that such a contract is binding upon the party not named or referred to in any form and not known at all as a contracting party, would be in direct violation of the statute of frauds before cited. Where there is nothing in the body of the instrument, or in the form of a party's signature to indicate that the obligation thereby created was intended to be any other than a personal obligation on his part, parol evidence is inadmissible to show that the agreement was in fact the obligation of third persons, and that such party signed it as their agent. (*Babbett* v. *Young*, 51 Barb., 466; *Chappell* v. *Dann*, 21 Barb., 17; *Williams* v. *Christie*, 10 How., 12; *Lincoln* v. *Crandell*, 21 Wend., 101.)

I am therefore of the opinion that the execution of the agreement to sell the property by the defendant's husband was not binding upon her.

Squier *v.* Norris.

2. As to the second question, I do not see how a parol agreement to convey real estate in accordance with a written contract made with another party, and not obligatory upon the party sought to be charged, can make that contract lawful, which was previously invalid. Such an agreement would be nothing more than a parol contract divested of all the elements essential to render it of binding force and validity. The referee has found that the defendant, after making a written contract, made a parol agreement for the sale of the premises, and not that she ratified the contract made by her husband. The promise to convey and the receipt of the fifty dollars paid, does not establish a valid contract, which is not affected by the statute of frauds. A wife may be bound by the act of the husband, who, without her authority, extends the time for making an award, and she received part of the money awarded to her, as was held in *Smith* v. *Sweeny* (35 N. Y., 295); but there is no authority for the doctrine that a parol agreement with the mere receipt of a sum of money renders the contract of the husband obligatory upon her. Neither such declarations nor the money received constitute in law the ratification of the assumed agency, and are not equivalent to an original authority.

We have been referred to several cases as authority for the principle that a party cannot repudiate the acts of an agent performed without authority, originally, where they have been subsequently ratified, and some benefit has been derived from them. (*Tracy* v *Veeder*, 35 How., 209; *F. L. & Trust Co.* v. *Walworth*, 1 N. Y., 433; *Sage* v. *Sherman* 2 N. Y., 417; *Cobb* v. *Dows*, 10 N. Y., 335; *Ford* v. *Williams*, 13 N. Y., 577; *Hopkins* v. *Mollinieux*, 4 Wend., 465; *Evans* v. *Wells*, 22 Wend., 324.) None of these cases present the question now arising, and most of them do not relate to contracts for the sale of real estate. I am unable to discern in any of them authority for the doctrine that a parol agreement for the sale of real estate, made under the circumstances which characterize the transaction presented in this case, is valid and binding, and a ratification of a contract made by another party.

I am also of the opinion that the agreement originally entered into between the plaintiff and the defendant's hus-band being void for want of the memorandum required by the statute, it could not be made legal and valid by parol As no valid contract could exist by parol alone, a void con tract could not be made lawful in that manner.

It follows that there was no error on the part of the referee in his findings or in his refusal to find as requested, and the judgment must be affirmed with costs.

Judgment affirmed.