JAMES McDONNELL AND RICHARD McDONNELL, APPELLANTS, *v.* FANNY CULVER, RESPONDENT.

*Party wall — right to use of — chose in action, when.*

B. erected on the land of his wife a building with his own money, and before the erection thereof agreed with C. to place one-half of one of the walls thereof on her land, under an agreement that she should, when the wall was used by her, pay for so much thereof as she should use. The agreement was between B. and C. personally, and not made by B. for or on behalf of his wife.

*Held,* that such agreement was a mere chose in action, the right to which was in B., and not having been transferred to his wife, could not be transferred by her to her grantees.

APPEAL from a judgment entered upon the report of a referee dismissing plaintiff's complaint.

In the year 1870 Eunice Bowen, wife of Adna Bowen, was the owner of a vacant lot on the east side of Shelby street, in the village of Medina. The defendant was at the same time, and is now, the owner of a vacant lot adjoining the lot of said Eunice Bowen on the north. In the year 1870 said Adna Bowen erected a stone building on the lot owned by Eunice Bowen. Prior to the erection of such building, said Adna Bowen made a verbal agreement with defendant, by which he was to put one-half of the north wall of his building on defendant's land, and whenever the wall was used by defendant she was to pay him for one-half the wall used by her. Adna Bowen erected the building and wall in question without any directions from his wife, and with his own money, and made the contract to build in his own name. He erected one-half of the north wall of his building on defendant's land. Since the erection of a building by Adna Bowen a building has been erected on defendant's land, and a portion of the wall erected by Bowen used

in the construction thereof. On or about the 1st day of January, 1871, said Eunice Bowen sold and conveyed the land upon which said building was so erected by Adna Bowen, to the plaintiffs. Afterward, and about the 1st day of July, 1873, the said Eunice Bowen executed and delivered to plaintiffs a paper, as follows:

" For value received of Richard and James McDonnell, I, Eunice Bowen, of Medina, Orleans county, State of New York, do hereby sell, assign, transfer and set over and convey to said Richard and James McDonnell and their assigns, the entire party wall now existing between a store constructed by me and the lot of Mrs. Fanny Culver, with the right and privilege to the said Richard and James McDonnell to demand, collect, receive, retain and enjoy to themselves and their heirs and assigns forever the pay for, or value of, the part or portion of wall which shall or may be used by said Mrs. Fanny Culver or her assigns in any building to be erected on the lot of said Mrs. Fanny Culver, or otherwise used, as the case may be. Said wall is in Medina, N. Y.

"As witness my hand and seal, this 1st day of July, 1873.

"EUNICE BOWEN." [L. S.]

Plaintiffs brought this action as assignees of Eunice Bowen.

*H. D. Tucker*, for the appellants.

*Henry A. Childs*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment for the defendant, entered on the report of a referee. The action was brought to recover a portion of the cost of a party wall, in the village of Medina, upon the allegation that the plaintiff's grantor erected the said party wall, one-half on her own land and one-half on the land of the defendant, and under the agreement that when the defendant used the said party wall she would pay for so much thereof as she should use.

The fact was, that the said party wall was built by Adna Bowen, the husband of the plaintiff's grantor, and upon her land with his own money, and the agreement in reference to the party wall was, as found by the referee, between the said Adna Bowen and the

defendant personally, and not an agreement made by or in behalf of Eunice Bowen, the owner of the land on which one-half the wall was built. Under these circumstances such an agreement has been held to be a mere personal covenant between the contracting parties. (*Cole* v. *Hughes*, 54 N. Y., 444.) The right under the contract constituted a mere chose in action, the right to which was in Adna Bowen and which had never been, in any manner, transferred to the plaintiffs in the action.

In the case (*Fowler* v. *Seaman*, 40 N. Y., 592) referred to by the counsel for the plaintiffs it had been found, as a question of fact, that the husband was the agent of the wife in erecting the building, although the minority of the court held that there was no evidence to sustain the finding. In this case the finding of fact is the other way.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed, with costs.