LA FAYETTE L. TREMAN AND OTHERS, APPELLANTS, *v.* JULIA A. ALLEN, RESPONDENT.

*Married woman — when estopped from denying authority of her agent.*

When a married woman, owning a saw-mill and carrying on business therein, through her husband as her agent, clothes him with apparent authority to purchase materials to repair the mill, she is estopped from disputing his authority to purchase such materials, so far as others have been induced to act upon the faith of it, although he has disregarded her instructions to purchase them of a particular person designated by her.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit, and from an order denying a motion to set aside the nonsuit and grant a new trial, made upon a case and exceptions.

*Jay B. Kline*, for the appellants.

*Merritt King*, for the respondent.

MARTIN, J.:

I am unable to concur in the ruling of the learned judge at the Circuit, that there was not sufficient evidence in the case to go to the jury upon the question of the defendant's liability.

The plaintiffs alleged that they sold and delivered to this defendant, through her husband and agent, certain materials which were used by her in repairing a saw-mill, owned, occupied and operated by her. This she denied, and alleged that the materials claimed for, were sold to one Mott, whom her husband had employed to repair the mill, and who used them in making such repairs.

On the trial, the plaintiffs proved that these materials were purchased by the defendant's husband as her agent, and that they were charged to the defendant; that she was the owner of the mill repaired, and the realty upon which it stood; that she carried on the business connected with this mill, her husband working for her as her agent, in the management of the mill business, running the mill, taking in sawing, charging it upon the books and settling with the customers; that the mill needed repairs, and the defendant, desiring to have it done, told her husband that she wanted it repaired, and that he might go on and repair it, " under consideration " that one Mott was to furnish these materials; that the plaintiffs furnished the materials, for the price of which this action was brought, upon the order of the defendant's husband, who superintended the repairs for the defendant, and who stated to the plaintiffs, when the order was given, that she owned the mill, and would pay this claim; that she knew the materials were furnished and used in repairing her mill, and that the value of her property was thereby increased; that her husband hired and she

paid for the labor employed and performed in making such repairs; and that after these materials were furnished, one of the plaintiffs saw her, and asked her to settle this account, when she told him the account was all right, and when asked how she wanted to pay it, said that she wanted Mr. Allen to earn it out of the mill; and refused to give her note, saying there was some more old iron in the mill she would turn out, and that her husband would pay the balance, but she wanted him to pay it out of the mill.

There was, therefore, evidence in the case showing that the defendant's husband purchased this property, as the agent of the defendant; to be used in the improvement of her separate property, and that it was thus used with her knowledge and consent; so that, if the defendant's husband had authority to make this contract as her agent, then she was clearly liable, for the property was both purchased and used for the benefit and improvement of her separate estate and business. (*Owen* v. *Cawley*, 36 N. Y., 600; *Ballin* v. *Dillaye*, 37 id., 35; *Manhattan B. & M. Co.* v. *Thompson*, 58 id., 80.)

The question then to be determined is not, whether the defendant, as the wife of John P. Allen, was liable upon a contract made by him in his own name for materials which were furnished to him and employed in improving her property (as seems to have been supposed); but is, whether there was sufficient evidence in the case to entitle the plaintiffs to go to the jury upon the question of the authority of the defendant's husband to bind her as her agent in making this contract.

If the plaintiffs proved facts and circumstances, from which the jury would have been authorized to find that the defendant had conferred upon her husband either real or apparent authority to make this contract, then the court erred in not submitting this question to the jury, and in nonsuiting the plaintiffs; for, since the statutes of 1860 and 1862, married women owe the same duty to those with whom they deal, and may be bound in the same manner, so far as relates to their separate estate or business, as if unmarried; the removal of their disabilities imposed upon them corresponding liabilities, and if the defendant clothed her husband with apparent authority to act for her in the purchase of these

materials, she was bound by his acts, and is estopped from disputing his authority, so far as others have been induced to act upon the faith of it. (*Bodine* v. *Killeen*, 53 N. Y., 93.)

The defendant authorized her husband to repair this mill, and he superintended its repairs by her direction, made this purchase as her agent, used the materials thus purchased in repairing the defendant's mill, with her knowledge; and after they were made, she said the account was all right. From these facts, and other facts and circumstances proved on the trial, it seems to me that a jury would have been authorized to find that the defendant had clothed her husband and agent with, at least, apparent, if not real, authority to make this purchase upon her credit.

This purchase was within the scope of his employment to repair this mill, and to superintend such repairs. He was by her constituted her general agent for that purpose or employment; or at least, the evidence was sufficient to present a question of fact for the jury upon that issue. And although the defendant may have instructed her agent to purchase these materials of Mott, yet, having conferred upon her husband the general authority to make and superintend the repairs, she must suffer the loss, if any, arising from his disregard of her instructions, upon the ground that of two innocent persons, he shall suffer who has put it in the power of another to do an injury.

The case of *Fowler* v. *Seaman* (40 N. Y., 592) is, I think, an authority adverse to the ruling of the court below. In that case, a married woman was the owner of a leasehold interest in a city lot. Her husband made a contract in his own name for the erection of a building thereon. The price was paid from moneys raised from incumbrances placed upon the property by her, and before the completion of the building she leased the property, covenanting to complete it. In an action by the contractor to recover from her the price of extra work done upon the building, by the direction of her husband, it was *held*, that these circumstances were sufficient to authorize the jury to find that he directed such extra work as her authorized agent, and in her behalf, and that she was liable. The evidence in the case at bar was very much stronger than in that. (See, also, *Fairbanks* v. *Mothersell* 41 How., 274; *Garretson* v. *Seaman*, 54 N. Y., 652;

*Smith* v. *Kennedy*, 13 Hun, 9 ; *Foster* v. *Persch*, 68 N. Y., 400.) The authorities cited by the counsel for the respondent do not reach the question in this case. In *Ainsley* v. *Mead* (3 Lans., 116), the court held, that proof that the husband of defendant had negotiated for the purchase and sale of a piece of real property for her, was not sufficient evidence of his agency to make the wife liable upon a contract made by him in his own name to erect buildings upon her property, which he at the time claimed to own. And in *James* v. *Walker* (63 N. Y., 612), and *Nash* v. *Mitchell* (3 Abb. [N. C.], 171), the court held that where a contract was made with the husband, an agency for the wife must be shown before she could be held liable.

I am, therefore, clearly of the opinion that there was sufficient evidence in this case to entitle the plaintiff to go to the jury ; and that the court below erred in granting the defendant's motion for a nonsuit.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed and new trial granted, with costs to abide the event.