# 156                    BENHAM v. EMERY.

## BURTON H. BENHAM, Plaintiff, v. ANN EMERY, Defendant.

*Contract under seal — a person whose name does not appear therein cannot be proved by oral evidence to be a principal — when he may be charged with work done and materials furnished at his request.*

The complaint in this action set forth, as a first cause of action, that the plaintiff and the defendant, by her duly authorized agent, James Emery (her husband), entered into a contract or agreement, by which the plaintiff agreed to do the carpenter work and furnish the lumber necessary to erect a house as provided for therein, for which the defendant promised to pay the sum of $1,800; that he entered upon the performance of the work, and at the request of the defendant did extra work and furnished extra materials not required by the contract; that while plaintiff was ready and willing to perform the work defendant notified him that the contract was forfeited; that the plaintiff, having elected to rescind or waive the contract, brought this action to hold the defendant liable for the value of the services rendered and materials furnished. Two other causes of action, stating the rendering of services and the furnishing of materials by the plaintiff, at defendant's request, in the erection of the house, followed.

Upon the trial the plaintiff offered in evidence a written contract, under seal, between himself and James Emery, in which the name of the defendant did not appear, and offered to prove that the building was erected for the defendant and belonged to her, that payments upon the contract were made by her from her own moneys to the plaintiff, and that she personally gave directions as to the manner in which the work should be done, and ordered changes to be made and extra work to be done, and that her husband, in making the written agreement, acted as her duly authorized agent; he also offered to prove that at the time the plaintiff entered into the contract he was ignorant of the fact that the defendant was interested in it.

*Held,* that the court erred in refusing to receive the evidence so offered and in directing a nonsuit.

That, although the fact that the defendant was the real principal, or that she ratified the agreement after its execution, could not be proved by oral evidence, the plaintiff, on proving the facts which he offered to prove, might pass by the written agreement and recover upon an implied promise for the work and labor done and materials furnished, as the same was done for the benefit of the defendant and with her consent and approbation.

Motion by plaintiff for a new trial founded on a case and exceptions, ordered to be heard at the General Term in the first instance after a trial at the Cayuga Circuit. The defendant was permitted to enter judgment for his costs as security.

*Amasa J. Parker*, for the plaintiff.

*J. Wilcoxson*, for the defendant.

BARKER, J. :

Upon the trial the plaintiff made several offers of evidence all of which were overruled and an exception taken, and thereupon the plaintiff was non-suited for want of proof in support of his alleged cause of action. What was the cause of action set forth in the complaint? It alleged three separate and distinct causes of action, and they are separately stated and numbered : First. That the plaintiff and the defendant, by her duly authorized agent, James Emery, entered into a contract or agreement with the plaintiff by which the latter promised and agreed to do the carpenter work and furnish the lumber necessary to erect a house for the defendant, and the defendant promised and agreed to pay the plaintiff therefor the sum of $1,800. That the plaintiff entered upon the perform ance of the said contract, provided materials and did and executed a large part of the work in erecting said house, and the defendant changed and altered the plans in regard to the building of the same and ordered and required the plaintiff to do a large amount of extra work, and to furnish a large amount of extra material in consequence of said alteration in the plan of the house; that before the contract was completed on his part the defendant rendered the performance of the same impossible and gave him a written notice, in which the defendant declared the said contract forfeited ; that the plaintiff was at all times ready and willing to perform such as stipulated by the terms thereof; that thereupon the plaintiff elected to rescind or waive the said contract and to hold the defendant liable for the value of the services rendered ; that the value of the services rendered and material furnished was $1,940, and that the defendant has paid thereof the sum of $1,320, leaving due and owing from the defendant to the plaintiff $620. Second. That between the 27th day of July, 1883, and the fifteenth day of December of the same year, the defendant became liable and was indebted to the plaintiff for work and labor bestowed at the defendant's request, and also for material furnished in building a house for the defendant in the sum of $1,940, and that the defendant promised and agreed to pay the same to the plaintiff and has paid thereon the sum of $1,320,

# 158 BENHAM v. EMERY.

leaving due the plaintiff $620, which the defendant has neglected and refused to pay. Third. That between the days mentioned in the second count the defendant performed work, labor and services with himself and men, as a carpenter and builder, for the defendant and at her request, and he also furnished material to the defendant which was used in building a house for the defendant, for which labor and services and material supplied the defendant promised and agreed to pay the plaintiff what they were reasonably worth ; that such service and material were reasonably worth the sum of $1,940, and that the plaintiff has paid thereon the sum of $1,320, leaving a balance of $620 due and unpaid thereon.

The defendant demanded a bill of particulars containing the items of the work, labor and services of the plaintiff and his agents, as alleged in the complaint to have been rendered by the plaintiff for the defendant, and also the particulars as to the alleged change in plans and specifications mentioned in the complaint, and also of the extra work and material alleged to have been furnished by the plaintiff. In the bill of particulars the plaintiff set out the items of work, labor and services rendered by himself and his servants, giving the number of days worked by each and the price per day, which amounted in the aggregate to $1,034.44. He also set out in his bill of particulars, in detail, the change and alteration made in the plans and the value of the extra work, which aggregated the sum of $500. The bill also contained the items of extra material, which were furnished to do the extra work, aggregating the sum of fifty-six dollars. On the trial the plaintiff produced a written contract, under seal, in form between himself and one James Emery, in which the plaintiff was designated as the party of the first part, and the said James Emery as the party of the second part. The plaintiff testified that the agreement was executed by himself and Emery by placing thereto their respective seals and signatures ; that the agreement was executed in pursuance of an oral conversation and understanding between himself and the said Emery as to the terms and conditions of the contract, and the name of the defendant nowhere appears on the face of the instrument. By the terms of this agreement the plaintiff agreed to build and construct for the party of the second part, on certain premises situated in the village of Seneca Falls, a dwelling-house of the style and dimensions specifically

described in the contract, and to have the same completed by a time also mentioned therein, for the sum of $1,774, which Emery agreed to pay at the time and in the manner therein stated. The plaintiff offered to read this contract in evidence, which was objected to by the defendant and the same was excluded and the plaintiff excepted. Thereupon the plaintiff offered to prove that Emery was the defendant's husband and that they lived together on the premises on which the house mentioned in the written contract was to be erected, and that she was interested in the premises and in making the contract, and that her husband, in making the written agreement, acted as her duly authorized agent; that after he had entered upon the performance of his contract and done the labor and furnished some of the material toward the building of the house, the defendant in person, while on the premises, gave specific directions as to the work then being done, and that the extra work mentioned in the complaint and in the bill of particulars, was ordered and done under her direc tion; that while the plaintiff was engaged upon the work the defendant admitted that the house which was being constructed was her own, and was being constructed for herself, and that she paid for it out of her own money, and that she had the right to control and direct as to the work and labor, and when the plaintiff had substantially performed the work on his part, according to the terms of the contract, without any delay or default, the defendant, through her husband, acting as her agent, notified him to leave the work and that the contract was then terminated. He also offered to prove that, at the time the contract was entered into, he was ignorant of the fact that the defendant was interested in the same, and that he substantially performed the contract on his part, and that the defendant paid to him by her own hands and by her own check, the money which he had received thereon, and that he was at all times ready and willing to perform the agreement on his part. The record does not disclose the position assumed by the plaintiff on the trial, as to his right upon the state of fact, which he offered to prove. nor the amount of recovery to which he claimed he was entitled. If, however, on proving the facts as stated in the offer, the law would award a verdict to the plaintiff for any sum the non-suit should be set aside. We think, upon the facts stated, when taken in connection with the allegation set forth in the complaint, the

plaintiff was entitled to a verdict. We will first consider whether the plaintiff may recover for the work and labor and materials furnished in the construction of the house, so far as the same was done and performed in pursuance of and according to the terms of the written contract. As the contract was in writing and under seal, and was not executed in the name of the defendant as principal, and it does not appear on the face of the instrument that the same was made in her behalf, no recovery can be had against her in an action founded upon the contract. To render the principal liable where the contract is under seal, made in fact by an agent or by an attorney, it must be in form in the name of the principal. (*Briggs* v. *Partridge*, 64 N. Y. 357; *Schaefer* v. *Henkel*, 75 id., 378; *Huntington* v. *Knox*, 7 Cush., 374; *Squier* v. *Norris*, 1 Lans., 282.) Oral evidence was incompetent for the purpose of proving that the defendant was the principal, and that she ratified the agreement after its execution for the purpose of establishing her liability thereon. The reasons upon which the rule is founded and the legal impediment in the way of enforcing the agreement against the principal, are considered and elaborately stated in the cases cited, and there is no occasion for repeating them in this connection.

As to the position assumed by the plaintiff on the trial, as to his legal rights founded upon the facts which he offered to prove, we are not fully advised, as the case does not disclose, whether he sought to enforce the contract or to recover the value of the work or labor or material furnished upon an implied contract, wholly outside of the agreement and based upon the facts which he offered to prove. If the plaintiff intended to stand on the contract alone, and to recover for a breach of the covenants contained therein, then he was properly nonsuited. But it cannot be said with certainty, that that was his position. In the first paragraph of the complaint, in stating the cause of the action, no reference was made to any written agreement, and it was sufficient and proper in form to enable the plaintiff to recover on an oral agreement made by her agent in her behalf. Under the second count, the plaintiff could recover upon implied assumption for the work and labor and material furnished as therein specified.

Upon the facts which the plaintiff offered to prove, we think that the plaintiff may pass by the written agreement and recover upon

an implied promise for the work and labor done and material furnished, as the same was done for the benefit of the defendant, and with her consent and approbation; it is fair that she should pay the plaintiff for his work and labor and the material which he furnished to improve her own property, as the same was done with her consent, and she now enjoys the benefit and the advantages derived therefrom. We may refer to some elementary and undisputed principles as bearing upon the proposition. It is well settled, where an oral contract is made by an agent who does not disclose his principal and makes and concludes the agreement in his own name, that the other party may, at his election, disregard the form of the contract and enforce the same against the principal, and this rule applies to all contracts which the law does not require to be in writing. (*Meeker* v. *Claghorn*, 44 N. Y., 351; *Beebee* v. *Robert*, 12 Wend., 413; 1 Am. Lead. Cases, 607.)

Under this rule, where the sale is to an agent, the principal, though undisclosed, is liable for the purchase-money, because the title to the property vests at once in the principal, and creates a legal liability on his part for the value of the goods sold and delivered. The principle, as extracted from a large number of cases decided in this and other States, is stated by the author of the American Leading Cases (vol. 1, p. 611), as follows: "This liability of an undisclosed principal is not confined to sales, but exists in all cases of considerations executed for the benefit of the principal from which a liability in general assumpsit is raised by law; as in cases of money received by, paid for or loaned to an agent, in a matter directly concerning the business of the principal, enuring to his profit." (*Tiernan* v. *Andrews*, 4 Wash., 474; *Bank of Rochester* v. *Monteath*, 1 Denio, 402; *Merchants' Ex. Bank of Macon* v. *Cen. Bank of Georgia*, 1 Kelly [Geo.], 418; *Ins. Co. of Penn* v. *Smith*, 3 Wharton, 521.)

In *Allen* v. *Coit* (6 Hill, 320), the defendants' agents, in their own name, drew a bill upon a third party, in which Allen, the plaintiff, was named as a payee, and which he indorsed for the accommodation of the defendant. The bill went to protest, and Allen paid the same and brought suit against the defendant; and to a declaration, containing the usual money count, he attached a notice that he would give in evidence the bill of exchange and set

out a copy thereof; and it was held that the defendants were not liable upon the bill, because they were not parties thereto; but that the plaintiff might pass by the bill and rest his right of recovery upon the fact that he had paid money for the use of, and benefit of, the defendants, and with their implied consent.

In *Briggs* v. *Partridge* (64 N. Y., 357), in discussing the question then under consideration, ANDREWS. J., said: It "must now be deemed to be the settled law of this court, and which is supported by high authority elsewhere, that a principal may be charged upon a written parol executory contract, entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument and was not disclosed, and the party dealing with the agent supposed that he was acting for himself; and this doctrine obtained as well in respect to contracts which are required to be in writing as to those where a writing is not essential to their validity."

The cases cited in support of the proposition indicate the classes of cases in which the party to the agreement may pass by the written contract when it does not purport on its face to be made in behalf of the principal, and prove the facts and circumstances connected with the making of the agreement, for the purpose of establishing the liability of the principal.

In *Coleman* v. *First National Bank of Elmira* (53 N. Y., 388) the plaintiff went to the defendant's bank for the purpose of making a deposit of a sum of money, and left the same with the teller and informed him that he wanted interest upon it; and thereupon the teller, without anything further being said, handed to him a certificate of deposit, upon the face of which it appears that the deposit was made with one S. R. Van Campen personally, who was at that time the president of the bank; nor did the certificate indicate upon its face that the deposit was made with the bank; and the court held that the real issue was whether the bank or Van Campen was the depositee. Unexplained, the fact that the plaintiff accepted the certificate of Van Campen was strong evidence that the bank was not a party to the transaction; but it was evidence only, and was subject to explanation by parol proof without violating any rule of evidence. The court further said: "The rule does not preclude a party, who has entered into a written contract with

an agent, from maintaining an action against the principal upon parol proof that the contract was made in fact for the principal, where the agency was not disclosed by the contract and was not known to the plaintiff when it was made; or where there was no intention to rely upon the credit of the agent, to the exclusion of the principal. Such proof does not contradict the written contract. It superadds a liability against the principal to that existing against the agent. That parol evidence may be introduced in such a case to charge the principal, while it would be inadmissible to discharge the agent, is well settled by authority." In the same case it is also remarked: "One who deals with an agent is not concluded from resorting to the principal unless it distinctly appears that, with full knowledge of all facts, he elected to take the sole responsibility of the agent, and that he designed to abandon any claim against the principal."

A recovery against the bank was upheld upon the ground, that the evidence tended to support the fact, that the plaintiff intended to make a deposit with the bank and did not receive the certificate of deposit, intending to rely upon the credit of Van Campen, the agent of the bank, to the exclusion of the principal.

As a test that the defendant is liable for the work and labor and materials furnished, suppose the defendant had authorized her husband, as her agent, to borrow in her name and on her account, a sum of money, not authorizing him to execute any written promise in her name for the repayment of the loan, and in pursuance of such authority he had borrowed a sum of money of a third party, who was ignorant that he was acting as agent and executed in his own name a promise under seal to repay the loan himself, and had delivered the money received over to his wife, his principal, can there be any doubt but that she would be liable in an action for the money had and received? The authorities are abundant that the lender could pass by the special agreement made by the agent and sue for the money loaned and advanced, upon an implied promise to repay the money which she had received from the loaner by the hand of her agent. (*Taintor* v. *Prendergast*, 3 Hill, 72; Am. Lead. Cases, vol. 1, p. 615.)

There is no difference in the principle between the cases supposed and the one before us. The contract which the agent did make was not binding upon the defendant, because he put it in an authorized

form and the same could not be enforced against her for the reason stated in the case already cited. If these views are correct, then the plaintiff made a case which entitled him to recover for the value of the work and the labor done and performed towards the construction of the house. As to the alleged extra work, the evidence offered was sufficient to make a case for the consideration of a jury, for it tended to prove that the same was done at the defendants request and for her benefit and the improvement of her separate estate· (*Fowler* v. *Seaman*, 40 N. Y., 592.)

The position of the defendant, as stated in her answer, that the contract was made by Emery, in his own name as principal and for his own benefit, and that the building when completed would be his own property and not that of the defendant, would constitute a perfect defense. This presented an issue which was to be determined upon all the evidence which the parties might produce for the consideration of the jury.

The judgment and the nonsuit should be set aside, and a new trial granted, with the costs to abide the event.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Motion for new trial granted, costs to abide event, and the judgment entered as security·for costs is vacated.