METROPOLITAN TRUST CO. OF CITY OF NEW YORK v. McDONALD.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

EXECUTORS—COMPLAINT—DEMURRER.
    In an action against defendant individually and as executor of the last will and testament of Catherine A. McDonald, deceased, to recover certain taxes and rent due under the terms of a lease and an extension thereof, a copy of the lease, annexed to the complaint, showed it to have been made with the "executor of the estate of Catherine A. McDonald, deceased," and signed, "Estate of Catherine A. McDonald, Samuel W. McDonald, Executor." *Held*, that these facts render it uncertain in which capacity defendant is liable, and under Code, § 1815, subd. 1, authorizing an action to be brought against an executor personally and in his representative capacity where the facts stated render it uncertain in which capacity he is liable, the complaint is not demurrable on the ground of multifariousness.

Appeal from special term, New York county.

Action by the Metropolitan Trust Company of the City of New York, as guardian of Catherine M. Sanders, against Samuel W. McDonald, individually and as executor of Catherine A. McDonald, deceased. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Louis S. Phillips, for appellant.
Herbert Parsons, for respondent.

INGRAHAM, J. The action is to recover certain taxes, water rates, and rent due under the terms of a lease, a copy of which is annexed to the complaint, and an agreement extending the lease for

a period of three years, a copy of which is also annexed to the complaint. The original lease is executed by the plaintiff and one Jane Sanders, who was made a defendant of the first part, and "the executor of the estate of Catherine A. McDonald, deceased," of the second part, and is signed, "Estate of Catherine A. McDonald, Samuel W. McDonald, Executor." The agreement to extend the lease is made by the same parties, as parties of the first part, "and the executor of the estate of Catherine A. McDonald, deceased, of the second part," and is signed, "Samuel W. McDonald, Executor." The amount sought to be recovered is for taxes for the year 1895, which were payable by the tenant under the original lease, and certain other taxes, water rates, and rent which became due under the extension of the lease, and which, by the original lease and the agreement to extend the same, were to be paid by the tenants. The appellant is made defendant individually and as executor of the last will and testament of Catherine A. McDonald, deceased; the complaint alleging that the lease and the renewal thereof were made with the defendant as executor of the estate of Catherine A. McDonald, and that "it was intended by the parties to the said agreement, and each of them, that the estate of the said Catherine A. McDonald should be bound thereby and charged therewith, and the said parties so agreed to and with each other. The said agreements were entered into by the said party thereto of the second part under and by virtue of authority conferred upon the said Samuel W. McDonald as such executor, and for the benefit of the said estate and the persons interested therein, and it and they have had the benefit thereof and have enjoyed the same." The defendant, Samuel W. McDonald, individually, interposed a separate demurrer to the complaint upon two grounds: First, that the causes of action have been improperly united; and, second, that the complaint does not state facts sufficient to constitute a cause of action against the defendant individually,—and also, as executor of the last will and testament of Catherine A. McDonald, deceased, interposed a separate demurrer, setting up the same grounds. Such demurrers were overruled by the court below, and the defendant appeals.

It is clear that but one cause of action is set up in this complaint, and that is to recover from the defendant, McDonald, individually or in his representative capacity, the amount agreed to be paid under this lease, and the agreement renewing and extending the same. By section 1815 of the Code it is provided that an action may be brought against an executor or administrator personally, and also in his representative capacity, "where the complaint sets forth a cause of action against him in both capacities, or states facts, which render it uncertain, in which capacity the cause of action exists against him." If, therefore, this complaint alleges a cause of action against the appellant, either as executor or individually, or if the facts stated render it uncertain in which capacity he is liable, the demurrer was properly overruled. The appellant claims that no cause of action is stated against him in his representative capacity, as an executory contract of an executor or administrator does not, in the absence of authority given by statute or in the will of the tes-

tator, bind the estate, although the consideration moving from the promisee is such that the executor or administrator could properly have paid from the assets, and been allowed therefor on the settlement of his account. In the absence of such express authority to make such a contract as was on behalf of the estate, the estate is not liable, and the cause of action, if any, is against the executor personally. The complaint expressly alleges that the agreement was entered into by the appellant under and by virtue of authority conferred upon the said McDonald as such executor, and for the benefit of such estate; but it is claimed that this is not a sufficient allegation to bind the estate, as it is not an express allegation that the defendant was authorized to make such a contract on behalf of the estate, but simply an allegation that it was made by virtue of authority conferred upon him; that no copy of the will or other instrument by which such authority was granted is annexed to the complaint; and that the complaint does not state facts sufficient to constitute a cause of action against the defendant individually, as the instruments are under seal, and the defendant, contracting in a representative capacity, cannot be held liable upon such a contract in his individual capacity. While the rule is well settled that an agent contracting on behalf of a disclosed principal by a contract under seal is not, in the absence of proof of his authority to make the contract as agent, liable upon the instrument individually, this case presents a somewhat different question, as this contract was not made by the appellant as agent, but in a representative capacity, assuming to act as the legal representative of the estate. If the estate is liable, it is because the legal representative of the estate has executed a contract on behalf of the estate. If the appellant had no authority to make a contract on behalf of the estate, the estate has made no contract; and it would seem to follow that the contract was a contract of the appellant individually, and not of the estate. In the case of Whitford v. Laidler, 94 N. Y. 150, relied upon by the appellant, the instrument sued on was a lease in which the Garrattsville Agricultural & Farmers' Club was the tenant, and was executed by an officer of the corporation, and it was there decided that this could not be held to be the contract of the individual who signed it. The court says:

"No case has been cited, and we have discovered none, holding that, in the absence of a personal promise or covenant, one signing a contract, who therein represents himself to be the agent of a disclosed and known principal, and who assumes to contract for such principal only, has been held personally liable upon the covenants contained in such contract."

An entirely different case is presented in the case now under consideration. Here this defendant, assuming to act as an executor of the estate, made a contract by which the executor of the estate of Catherine A. McDonald, deceased, was the party of the second part, and by which the party of the second part, namely, the executor of the estate of Catherine A. McDonald, in terms agreed to perform certain obligations imposed by that instrument. This might be an obligation of the estate, if the executor had, under the will from which he derived his authority, power to make such agreement on

behalf of the estate, and the agreement was in fact made for the estate and the premises occupied by it. If, however, he had no such power, it would seem to follow that the executor, who by the terms of the instrument became bound to pay the rent reserved, would be personally liable. The lease did not purport to bind a disclosed agent of the person executing it; nor did it in express terms contain an obligation of the estate to pay the rent, or to perform the other conditions of the lease. In form, the obligation was, rather, that of the executor of the estate, and for the performance thereof he would be personally liable. If, however, he had authority to bind the estate, and the contract was made and intended by the parties to be a contract of the estate, and the estate received the benefits, then I think that the estate would be primarily responsible, and an action against it could be maintained. It was, thus, uncertain in which capacity the appellant was liable, and the case is therefore brought directly within subdivision 1, § 1815, of the Code.

It follows that the judgment appealed from was right, and it is affirmed, with costs, with leave to the defendant to withdraw demurrer and answer in 20 days on payment of costs in this court and in the court below. All concur.