MAGOUN v. MAGOUN et al.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. ARBITRATION — WITHDRAWAL FROM SUBMISSION — DAMAGES — COMPLAINT—
SUFFICIENCY—ACTION AGAINST ADMINISTRATOR.

Under Code Civ. Proc. § 2384, providing that, where a party expressly revokes a submission to arbitration, any other party to the submission may maintain an action against him, and section 1815, providing that an action may be brought against an executor or administrator personally and also in his representative capacity, where the complaint sets forth a cause of action against him in both capacities, or states facts which render it uncertain in which capacity the cause of action exists against him, etc., a complaint in an action against an administrator to recover damages caused by breach of an agreement to submit certain matters to arbitration is not defective for failure to show that defendant was a party to the submission because not showing whether he was engaged in the arbitration individually or in his representative capacity.

Appeal from Special Term, New York County.

Action by Jesse Torrence Magoun against George B. Magoun, individually and as administrator of the estate of Kinsley Magoun. Pending the action George B. Magoun died, and Katherine Jordan Magoun, as executrix of the deceased defendant, and Jesse Torrence Magoun and another, as administrators de bonis non of Kinsley Magoun, deceased, were substituted as parties defendant. From a judgment sustaining the demurrer to the complaint, plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

J. Aspinwall Hodge, for appellant.
Eliot Norton, for respondents.

O'BRIEN, J. The action is to recover damages for the breach of an agreement entered into between the plaintiff and George B. Magoun, as administrator of the estate of Kinsley Magoun, submitting certain differences between them to the final decision of an arbitrator. The complaint is against George B. Magoun individually and as administrator, and it alleges that the submission was revoked without cause by "the said defendant," whereby the plaintiff sustained damages of $1,000 "for her costs, expenses, and damages" in preparing for the trial of the cause before the arbitrator, for which amount judgment is demanded. After a demurrer had been interposed by him to the complaint, George B. Magoun, died, and subsequently his executrix, and also his successor as administrator of the estate of Kinsley Magoun, were brought in as party defendants. It will, however, serve the purpose of clearness if we disregard this change of parties, and consider the question presented by the demurrer as originally interposed by George B. Magoun while living, individually and as administrator. He entered into the agreement to arbitrate in

form as administrator, and it is alleged that without cause he re-voked it, the complaint being silent as to whether this attempt to revoke it was in form made individually or as administrator. The question, therefore, presented, is whether, in revoking the arbitra-tion, he became liable individually or as administrator.

Reading the complaint, it is uncertain in which capacity the plain-tiff seeks to hold defendant liable, and this attitude the plaintiff in-sists he can assume pursuant to section 1815 of the Code of Civil Procedure, which relates to the joining of personal and representa-tive causes of action, and provides that an action may be brought against an executor or administrator personally and also in his rep-resentative capacity, "where the complaint sets forth a cause of ac-tion against him in both capacities, or states facts which render it uncertain in which capacity the cause of action exists against him," and that "a judgment for the plaintiff * * * must distinctly show whether it is awarded against him personally or in his representative capacity." The fair inference from the complaint is that with respect to some matter connected with the estate the administrator entered upon an agreement to arbitrate; and, had he proceeded under the arbitration, it may be that any claim established against him as the result of such arbitration would be against him in his representative capacity, and not individually. Where, however, without cause, he undertook to revoke the arbitration, there is presented a question of some doubt as to whether he could impose the damages that thus resulted upon the estate which he represented. Though not necessary to decide, we should be inclined to the view that for his arbitrary action in revoking the submission, he would be personally liable. There being doubt in the pleader's mind in which capacity the de-fendant was liable, the complaint was drawn so as to charge him in either capacity. In principle, therefore, the question is similar to that presented in Metropolitan Trust Co. v. McDonald, 52 App. Div. 424, 65 N. Y. Supp. 260, wherein the defendant was sued individually and as executor, and it was held (headnote) "that the complaint stated a single cause of action against the defendant either individual-ly or in his representative capacity, * * * and that the case came within section 1815 of the Code of Civil Procedure."

The learned judge at Special Term, under the strict construction which he gave to section 2384 of the Code of Civil Procedure, con-cluded that as the defendant as an individual was not a "party" to the submission, the facts stated were not sufficient to constitute a cause of action. It is provided by section 2384 that, "where a party expressly revokes a submission, * * * any other party to the submission may maintain an action against him." The conclusion reached by the learned Special Term that George B. Magoun was not a party to the submission resulted, we think, from giving too narrow and restricted a meaning to the language of the section (2384) of the Code. He was a party to that agreement, but whether individually or as administrator was the question in doubt. It was, however, un-necessary to determine in what capacity he was bound under the sub-mission, the real question being whether individually or as admin-istrator he was liable for his alleged wrongful act in revoking the

submission. As suggested, we think that for the damages flowing from such wrongful act he would be liable individually. Moreover, the plaintiff's right to recover was not necessarily controlled by section 2384 of the Code. Neither the right nor the remedy given by that section is exclusive. It has been held in Union Insurance Company v. Central Trust Co., 157 N. Y. 633, 52 N. E. 671, 44 L. R. A. 227 (headnote), that "the Code of Civil Procedure, §§ 2384, 2385, does not place a limitation upon the right of action at common law to recover damages for the revocation of a submission to arbitration except by limiting the amount of the recovery to the measure of damages fixed by the statute." Where it is attempted to sue a defendant in two different capacities, we are in reasoning likely to be affected by the view that such an attitude of a plaintiff is inconsistent, and that, if liable in one capacity, a defendant is not liable in another. But while the joinder of a party in two different capacities is seemingly anomalous, it is authorized by Code of Civil Procedure, and it is because of the express provisions of the section to which we have referred (section 1815) that a plaintiff is permitted to state a cause of action which may render a defendant liable in either of two capacities.

We think, therefore, that the interlocutory judgment was wrong, and should be reversed, with costs, and the demurrer overruled, with costs, with leave, however, to withdraw the demurrer and plead over upon payment of costs in this court and in the court below. All concur.